THE NATIONAL PARK BANK OF NEW YORK, RESPONDENT, *v.* THE STEELE & JOHNSON MANUFACTURING COMPANY, APPELLANT.

*Mistake of a bank cashier in certifying negotiable paper as good — when the amount paid by the bank under such certification is recoverable by it.*

A promissory note made by Mitchell, Vance & Co., April 14, 1887, for $3,281.83, at four months from date, to the order of the Steele & Johnson Manufacturing Company for goods sold by it to Mitchell, Vance & Co., was, on August 18, 1887, certified by the National Park Bank, where it was made payable, and· thereafter was transferred to the Tradesmen's National Bank and credited to

the Steele & Johnson Manufacturing Company.   On the day following the note was paid through the clearing-house and the proceeds were received by the Tradesmen's National Bank, and were paid over to the Steele & Johnson Manufacturing Company.

At the time when the note was certified the makers had on deposit with the National Park Bank only $146.66, and the note was certified under a mistake as to the amount of such deposit.   When such mistake was discovered information was sent on August 18, 1887, to Mitchell, Vance & Co., who notified the Steele & Johnson Manufacturing Company, and that company was the next day also notified by the National Park Bank of the existence of such an error, and the money which had been paid upon the note was demanded, but the money was not repaid.

In an action brought by the National Park Bank for its recovery, it appeared that the certification of the note was made by the assistant teller of the bank without any authority from the officers of the bank, and it did not appear that the Steele & Johnson Manufacturing Company had in any way changed its condition by reason of the certification of the note and the payment of the money upon it.

*Held*, that while the act of the teller in certifying the note, without consulting the state of the account of the makers with the bank, might be careless, yet that that circumstance was not sufficient to prevent the recovery of the money by the bank, and that the bank was entitled to judgment for its repayment.

APPEAL by the defendant, the Steele & Johnson Manufacturing Company, upon questions of law and upon the facts, from a final judgment, entered in the office of the clerk of the county of New York on the 8th day of June, 1889, after a trial before the court and a jury at the New York Circuit, and from an order denying a motion made upon the minutes of the court for a new trial.

The action was brought to recover the amount of a note made by Mitchell, Vance & Co., payable at the plaintiff's bank, which had, before its maturity, been certified by the bank and had been paid by it.

*Marston Niles*, for the appellant.

*Barlow & Wetmore*, for the respondent.

DANIELS, J. :

The verdict was directed for the amount held to have been paid by mistake by the plaintiff upon a promissory note made by Mitchell, Vance & Co., on the 14th of April, 1887, for the sum of $3,281.83 to the order of the defendant, and due in four months after its date.   The note was given for goods which the defendant had sold to Mitchell, Vance & Co.   And on the 18th day of

August, 1887, it was presented to and certified by the assistant paying teller of the plaintiff. After its certification, which was at the instance of the defendant, the note was transferred to the Tradesmen's National Bank for the benefit of and credited to the defendant. And on the day following the note was paid through the clearing-house and the proceeds received by the Tradesmen's National Bank, and that bank paid over these proceeds to the defendant. At the time when the note was certified the makers had on deposit with the plaintiff no more than the sum of $146.66. And the assistant teller, who certified the note, testified that he did so in the belief that the account of Mitchell, Vance & Co. with the plaintiff was sufficient to permit the certification of this note. When that was discovered not to be the fact, information was sent to Mitchell, Vance & Co., and they notified the defendant by letter, mailed about six o'clock in the afternoon of the 18th of August, 1887, that the certification of the note arose out of an error on the part of the bank. And on the next day a letter was written and mailed by the assistant cashier of the bank to the defendant again apprising it of the error in the certification of the note, and demanding the repayment of the money which had been advanced upon it in the course of the clearing-house settlements. This was not repaid, and the action of the plaintiff was brought for the recovery of the amount. And at the close of the proofs a verdict was directed in favor of the plaintiff for the amount which it was held it was entitled to recover. No controversy appears to have arisen concerning the amount the plaintiff was entitled to recover, if it was entitled to maintain the action at all.

After the verdict was directed the defendant moved for a new trial, which was denied, and an exception was taken to the denial. But no order appears to have been entered upon this decision. None, certainly, is contained in the case. And whether there were any grounds for the motion cannot be now considered, for it has so long been held that an exception to the refusal to order a new trial is entirely inoperative, as to dispense even with the citation of authorities on that subject. The case, consequently, must be disposed of upon the exceptions arising in the progress and at the close of the trial. The evidence which was given did prove the fact to be that the note had been certified in the manner already mentioned,

under the belief, on the part of the person certifying it, that the account of the drawers in the bank was sufficient to justify this certification. And when that was discovered not to be the fact immediate steps were taken to avoid the payment of the note. But they were ineffectual on account of the inability to discover the party who was the holder of the note. This was not ascertained by the bank until the note itself had been paid. And as soon as that was done, and the note surrendered to the plaintiff, the demand was made upon the Tradesmen's National Bank and the defendant for the return of the money. The bank declined to make the payment. And as it had paid over the money to the defendant, its agency in the transaction had ceased, and it was not liable to refund the money to the plaintiff. But the action for that purpose was properly brought against the defendant. (*National Park Bank* v. *Seaboard Bank*, 44 Hun, 49.)

The act of the teller in certifying the note without consulting the state of the account of the makers with the bank may be characterized as careless. But that circumstance was not sufficient to prevent the recovery of the money. (*Kingston Bank* v. *Eltinge*, 40 N. Y., 391; *Lawrence* v. *American National Bank*, 54 id., 433; *Union Nat. Bk.* v. *Sixth Nat. Bk.*, 43 id., 452; *Mayer* v. *Mayor*, etc., 2 Hun, 306.)

The defendant, through the cross-examination of the plaintiff's witnesses, endeavored to prove the fact that the bank had, on previous occasions, certified the paper of Mitchell, Vance & Co., without reference to the state of their deposit account. But that was stated by the teller to have been done only with the direct authority of one of the officers of the bank, and that it was on occasions when the account of Mitchell, Vance & Co. was immediately afterwards made good, and upon the faith of deposits expected from that company; while in this instance the testimony of the assistant teller was that he certified the note, not under the authority mentioned, or the existence of such an expectation, but wholly upon his own belief that the account of Mitchell, Vance & Co. was sufficient to justify his act. It was not done, therefore, under the authority of any rule or practice observed in the previous certification of the paper of Mitchell, Vance & Co., but solely because of a misapprehension on the part of the teller as to the state of their

account. And that, within the authorities, entitled the plaintiff to the recovery of the money, provided the evidence on the part of the defendant presented no legal defense.

The defendant gave evidence and offered further proof from which it was claimed that it should be exonerated from the obligation to return this money. But it did not appear from the proof which was supplied, neither would it from that which was offered and rejected, that the defendant had changed its condition in any respect by reason of the certification of the note and the payment of the money upon it. It did appear that the note had been given for goods manufactured by the defendant and sold to Mitchell, Vance & Co. And the defendant proposed to prove that the goods were delivered upon the representation that Mitchell, Vance & Co. were solvent and able to pay for them, and that this representation was not true. But if the proof in this manner offered had been received, it would have established no change whatever in the relations existing between the defendant and Mitchell, Vance & Co., upon or after the certification of the note. It might have entitled the defendant to the return of their goods, if they still remained in the possession of Mitchell, Vance & Co. But that right, if it existed at all, was not impaired in any respect by the certification and payment of the note. It was also proposed to be proved that statements were made by Mitchell, Vance & Co., to the agent of the defendant when the note became due, concerning their financial condition and ability to pay it. These representations were excluded on the objection of the plaintiff, to which exclusion the defendant excepted. But while proof of the representations might very properly have been received, the defendant was not injured by its exclusion, for the reason that the evidence afterwards taken was received upon the basis that the representations offered to be proved had, in fact, been made. But although, for the time, these representations may have delayed proceedings for the collection of the note, there was no evidence that this delay resulted in any injury whatever to the defendant. If it had deprived them of their ability to take proceedings for the collection of their debt, and in this manner subjected them to a loss they would not otherwise have incurred, it may be that a defense would have then been made out. (*Kingston Bk.* v. *Eltinge,* 40 N. Y., 391, 404; 66 id., 625, 626, 627.) But

it did not.   For the defendant on the day when it received information that the note had been certified might, if it had been disposed to do so, have returned the money, and taken proceedings for the collection of its debt against Mitchell, Vance & Co.   For it was not until the 20th of August, 1887, that the action was commenced by the attorney-general to dissolve the corporation existing under the name of Mitchell, Vance & Co.   A still further answer is supplied by the proof to the defendant's position as to this part of the case, and that is that it was in no manner proved that the defendant would have been able to collect the note by any proceedings it could have taken against Mitchell, Vance & Co., between the time of its maturity and the commencement of the suit by the attorney-general. It was proved that at least one asset of the company existed in its favor in the city of Cincinnati, but no proof was given that the defendant had knowledge of this fact or of the existence of property elsewhere which it could regularly have seized or resorted to for the enforcement of the payment of this debt.   And it was not shown, therefore, that any change in its position, or in its ability to insure payment, arose out of the delay occasioned by the certification of the note.   And neither of the authorities which have been cited to sustain the appeal support the defenses which the defendant endeavored to make.

At the close of the case nine different requests were presented by the counsel for the defendant, upon which it was proposed to submit the case to the jury.   But these requests presented no more than legal propositions which the court was not obliged in any view to submit to the jury.   The exceptions taken to the refusal so to submit the case, as well as those to the refusal of the motion to dismiss the complaint, and others incidentally referred to in the points, can neither of them be sustained.   The plaintiff's case was proved by the evidence.   And as no defense was maintained by the additional proof produced or offered on behalf of the defendant, the court was right in directing a verdict for the amount which the plaintiff had been obliged to pay by reason of this certification of the note, and the judgment should be affirmed.

VAN BRUNT, P. J., and BRADY, J., concurred.

Judgment affirmed.