·(60 App. Div. 205.)

## MT. MORRIS BANK v. TWENTY-THIRD WARD BANK OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. April 29, 1901.)

1. NOTES—PAYABLE AT BANK—CERTIFICATION BY MISTAKE—VOLUNTARY PAY-
   MENT—PAYMENT THROUGH THE CLEARING HOUSE—RECOVERY OF MONEY.
        Where the rules of the New York Clearing House provided that checks
   and drafts payable through any bank a member of that institution must
   be paid in accordance with its rules, and that any error or mistake must
   be corrected by the banks which were parties to the transaction, a note
   on one bank held by another, both of which dealt through the clearing
   house through the agency of members thereof, which was certified by
   mistake, its payment through the clearing house was not a voluntary
   payment, so as to preclude recovery of the money paid from the holder
   of the note.
2. SAME — EVIDENCE — CLEARING-HOUSE RULES — BANKS DEALING THROUGH
   AGENCY OF MEMBERS.
        Where two banks dealt through the clearing house through the agency
   ·of other banks which were members of that institution, the rules of the
   clearing house were competent evidence in a suit by one of such banks
   to recover money paid through the clearing house on a note payable at
   such bank, held by the other, which had been certified by the plaintiff
   by mistake.

Appeal from trial term, New York county.

Suit by the Mt. Morris Bank against the Twenty-Third Ward Bank
·of the City of New York. From a judgment for plaintiff, defendant
·appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN,
·PATTERSON, and O'BRIEN, JJ.

G. M. Mackeller, for appellant.
John A. Garver, for respondent.

RUMSEY, J. One Guggolz, a depositor in the plaintiff bank, had
made a note payable to the order of Silleck for a considerable amount
of money, which fell due on the 10th of March, 1898. On the morn-
ing of that day the note was presented to the assistant cashier of the
plaintiff for certification, and he, supposing that Guggolz had more to
his credit than the amount of the note, certified it, and delivered it to
the messenger of the defendant; the defendant being at that time
·the owner and holder of the note. As a matter of fact, Guggolz had

to his credit on that morning only something over $3, instead of $1,193.80, which was the amount due upon the note, although that fact was unknown to the assistant cashier when he certified the note. It was discovered, however, before noon. The defendant bank was notified of the mistake, and was requested to erase the certification, which it refused to do. Silleck, the indorser, was also notified by the plaintiff bank through the telephone of the mistake; but it does not appear that any effort was made by the defendant to protest the note, or to notify the indorser of the situation of affairs. The Gallatin Bank and the American Exchange Bank were each members of the New York Clearing House. The Gallatin Bank was the agent for the defendant, and the American Exchange Bank the agent for the plaintiff. The defendant sent this note, with other paper, to the Gallatin Bank to be paid through the clearing house; and this particular piece of paper, having been certified by the plaintiff, was presented to the American Exchange Bank, by which it was paid, through the clearing house, on the 11th of March. On that morning, however, before the transactions through the clearing house were finally completed, the plaintiff notified the manager of the clearing house of the situation, and requested that the note might not be paid, but was advised by the manager that there was no way in which he could prevent it. After the note had been sent to the plaintiff, it was taken by it to the defendant, and tendered to the defendant, and the money paid upon it demanded, which the defendant refused to pay; whereupon this action was brought to recover the money paid under a mistake of fact.

That there was a mistake of fact there can be no doubt; and that the plaintiff was entitled to recover, unless some legal objection was shown to it, is established by the case of Bank v. Wetherald, 36 N. Y. 335, which is precisely in point, as is also the case of National Park Bank v. Steele & Johnson Mfg. Co., 58 Hun, 81, 11 N. Y. Supp. 538. The only question, therefore, in this case, is whether there is shown any error upon the trial, or whether there is anything to take it out of the rule laid down in those two cases.

It is claimed, however, that the payment was a voluntary one, and, therefore, within well-settled rules, the plaintiff is not entitled to recover. It is quite true that the payment was not made under compulsion, but still it was not a voluntary payment, within the rules upon which the defendant relies. Each party dealt through the clearing house, and the agent of each was a member of that body, and was bound by the rules made by it for the transaction of business. One of those rules was that checks and drafts upon any bank a member of the clearing house, or paper that was payable through such bank, must be paid in accordance with the rules of that institution, and, if there was an error or mistake, it must be corrected by the banks which were parties to the transaction. Within these rules, when the note in question was presented by the agent of the defendant to the agent of the plaintiff, it must have been paid, so that, when the note was put in course of payment through the clearing house, for all purposes of this case the transaction had been completed, and the matter is to be considered just as though the note had actually been paid before the mistake had been discovered. After that had been done, the

mistake could only be corrected by its direct application to the defendant for repayment. In any aspect of the case, the payment was made under a mistake of fact, and there is nothing in the manner in which it was made which should prevent a recovery.

The court below permitted the plaintiff to put in evidence the rules of the clearing house under which business was done in that institution. It is complained that these rules are not binding on the plaintiff. I suppose that is very true. No evidence is binding on anybody unless it is in its nature conclusive. What the defendant means, I suppose, is that they are not competent evidence against it, but in that the defendant is very much mistaken. It appears that the plaintiff and the defendant, although not members of the clearing house, each had employed a member to act as its agent there to transact its business with other banks. As each had assumed in that way to have its business done through a member of the clearing house as its agent, it must be deemed to have consented that the business thus to be done should be done in the way prescribed by the rules of that institution. Therefore such rules were clearly competent evidence to show what was done, and how the transaction was to take place.

The case of Overman v. Bank, 30 N. J. Law, 61, and Id., 31 N. J. Law, 563, does not bear upon that proposition. In that case, Overman endeavored to charge the defendant as the drawee of a check, because it had failed to return the check after it was presented, in accordance with the rules of the New York Clearing House. But the court held, not that the rules were not competent evidence,—for that question was not presented,—but that the rules of the New York Clearing House, although they might establish a custom or usage as between its members, did not establish any usage, as between two people who were not members of the clearing house, with respect to the presentation and payment of checks drawn in favor of one of those persons as against the other.

This seems to dispose of all the questions presented here, and the result of it is necessarily to affirm the judgment. Judgment affirmed, with costs. All concur.