SAMUEL GREENBERG, Respondent, *v.* WORLD EXCHANGE BANK, Respondent, Impleaded with TROTZKY & SONS, INC., Appellant.

First Department, November 15, 1929.

*Bennett E. Siegelstein,* for the appellant.

*H. Louis Jacobson,* for the plaintiff.

Determination appealed from reversed and the order of the City Court affirmed, with ten dollars costs and disbursements to the defendant, appellant, in this court and in the Appellate Term, on the opinion of NOONAN, J.

Present — DOWLING, P. J., FINCH, McAVOY, MARTIN and O'MALLEY, JJ.; McAVOY and O'MALLEY, JJ., dissent and vote to

affirm the determination of the Appellate Term upon the ground that the case was not a proper one for interpleader. Settle order on notice.

The following is the opinion of NOONAN, J.:

NOONAN, J. The defendant bank seeks to interplead Trotzky & Sons, Inc. On July 15, 1928, Trotzky & Sons, Inc., a domestic corporation, made a promissory note in the sum of $2,000, payable to the order of the plaintiff at the defendant bank on November 15, 1928. On the date the note was due the plaintiff payee had it certified by the defendant. Thereafter on the same day the plaintiff indorsed the note and presented it to the defendant for payment and payment was refused. Trotzky & Sons, Inc., on being notified of the certification asked the defendant to stop payment on the note on the ground that the note had been given to the plaintiff on the day of its making by Nat Trotzky, the secretary of Trotzky & Sons, Inc., and a brother of Ben Trotzky, also an officer of the corporation and a brother-in-law of the plaintiff, for the specific purpose of having it discounted and of turning the proceeds over to the corporation, which was at that time in need of money. The plaintiff not being able to discount the note was requested to return it, but he informed Nat Trotzky that he had lost it. On account of the relationship of the plaintiff to Ben Trotzky, the word of the plaintiff that the note was lost was accepted, and Trotzky & Sons, Inc., did not stop payment on the note. This is the story that was told to the defendant bank, and at the request of Trotzky & Sons, Inc., payment was refused when the certified note was presented at the bank. The plaintiff's story is that the note was given to him in payment of a loan he had made to a predecessor corporation of Trotzky & Sons, Inc., the obligation to pay which had been assumed by the latter corporation. In this action the plaintiff sues the defendant bank on its contract of certification and contends that once having certified the note it is bound to pay the same and cannot refuse payment to protect any equity or defense that the maker might have against the payee of the note. The defendant bank has received indemnity from Trotzky & Sons, Inc., in the form of a deposit of double the amount of the note to protect it against any loss, and is willing to deposit the amount of the note in court so that if Trotzky & Sons, Inc., is substituted as party defendant in place of the bank the question of the ownership of the proceeds of the note may be fought out on the trial. The general rule is that upon the certification of a check or note at the request of the holder the drawer or maker is discharged since the certification is equivalent to an acceptance by the drawee (Neg.

Inst. Law, §§ 323, 324; *Lyons* v. *Union Exchange Nat. Bank,* 150 App. Div. 493; *Anglo-South Am. Bank, Ltd.,* v. *Nat. City Bank,* 161 id. 268, 275; affd., 217 N. Y. 726; *Irving Bank* v. *Wetherald,* 36 id. 335; *Meads* v. *Merchants' Bank of Albany,* 25 id. 143, 148; *Gallo* v. *Brooklyn Savings Bank,* 199 id. 222, 228; *Carnegie Trust Co.* v. *First Nat. Bank,* 213 id. 301.) The bank or drawee who by certification accepts the paper is substituted as the debtor in place of the drawer because the act of certification withdraws from the drawer's account the equivalent of the amount of the note or check and appropriates the same to the payment of the instrument. (*Lipten* v. *Columbia Trust Co.,* 194 App. Div. 384.) Therefore, the drawee after certification would have no right to refuse payment so as to permit its depositor to set up any possible setoff or counterclaim against the amount of the instrument. (*Carnegie Trust Co.* v. *First Nat. Bank, supra; Times Square Automobile Co.* v. *Rutherford Nat. Bank,* 77 N. J. L. 649.) In certain cases a drawee bank has been permitted to cancel its certification where, for example, it has by mistake certified a check or note when the drawer or the maker had no funds on deposit or not a sufficient amount to pay the check or note, and there has been no change in the rights or situation of the holder between the time of certification and the cancellation thereof so as to render the revocation inequitable. (*Irving Bank* v. *Wetherald, supra; Cooke* v. *State Nat. Bank of Boston,* 52 N. Y. 96, 115; *Mt. Morris Bank* v. *Twenty-third Ward Bank,* 172 id. 244; *Nat. Park Bank* v. *Steele & Johnson Mfg. Co.,* 58 Hun, 81; *Brooklyn Trust Co.* v. *Toler,* 65 id. 187; affd., 138 N. Y. 675; *Rankin* v. *Colonial Bank,* 31 Misc. 227; affd., 60 App. Div. 629.) In a case where a drawer had stopped payment on a check and the bank teller by mistake had subsequently certified it, the bank was permitted to revoke its certification. (*B. & K. Mfg. Co.* v. *Manufacturers-Citizens Trust Co.,* 93 Misc. 94.) The case at bar does not fall within these exceptions. There has been no mistake on the part of the bank. The drawer had sufficient money on deposit to pay the note on its due date. There is, however, a claim by the drawer, whether just or not cannot be here and now determined, that the plaintiff as payee gave no consideration for the note and that when he had it certified and later presented it for payment he committed a fraud on the drawer. The bank is, therefore, taking up the cudgels in behalf of its depositor. Under such circumstances should the bank be held to its contract of certification and ordered to pay the money over to the payee? Would not the court in so deciding be abetting a possible fraud? The note has not been negotiated and is still in the hands of the payee. What harm or prejudice can come to him if in the interest of justice he should

be compelled to litigate his right to the amount of the note with the maker? Were it not for the certification he would have to do this. The certification should not change the situation, for certification supposes a lawful holder entitled to the money. (*Anglo-South Am. Bank, Ltd.,* v. *Nat. City Bank, supra.*) If it be said that by certification the bank has become the debtor to the plaintiff, the bank, in my opinion, on notice that the rightful owner claims the debt, would have the right to say to its creditor that it should prove its title to it. The money is in the same situation as if it was stolen. Certification properly imports a promise to pay the lawful owner of the note and not the particular person who procures the certification. (Brannan's Neg. Inst. Law [4th ed.], pp. 347, 348.) If Trotzky & Sons, Inc., is right, the money belongs to it and not to the plaintiff. The bank by paying out the money after notice that it did not belong to the plaintiff would be making a wrongful payment because, if the story of Trotzky & Sons, Inc., is true, the plaintiff became a constructive trustee of the note for Trotzky & Sons, Inc., and payment to a constructive trustee after notice of the trust would be wrong. (Brannan's Neg. Inst. Law [4th ed.], pp. 899, 900.) This point was not fully decided in *Lipten* v. *Columbia Trust Co.* (*supra*), although the court in that case did say that fraud in the certification would permit the drawee bank after an unconditional certification to refuse payment so that the equities existing between the drawer and the payee might be tried and decided. Here it seems to me that no harm can result to any party if the bank is permitted to place the money in court and Trotzky & Sons, Inc., be substituted as a defendant in place of the bank, thereby compelling the plaintiff and Trotzky & Sons, Inc., to litigate on a trial which of the two is entitled to the money. (Banking Law, § 113.) Motion to interplead is granted. Settle order on notice of one day.