GLENS FALLS INDEMNITY COMPANY, Respondent, v. THE CHASE NATIONAL BANK OF THE CITY OF NEW YORK, Appellant.

First Department, May 1, 1931.

*Harold P. Seligson* of counsel [*Edward Garfield* with him on the brief; *Hays, Hershfield, Kaufman & Schwabacher*, attorneys], for the appellant.

*William J. Killea* of counsel [*Paul Kieffer* with him on the brief; *Kieffer & Woodward*, attorneys], for the respondent.

TOWNLEY, J.   This is an action by one of two copayees of a check against the defendant bank whose predecessor accepted the check for deposit in the personal account of the president of the other corporate copayee and used the funds to pay this president's personal debt to the defendant bank.   It is alleged " that the plaintiff endorsed said check as follows: ' Payment approved Glens Falls Indemnity Co., by Sidney G. Barnett, attorney,' and caused the same to be delivered to one Michael F. Longo, President of the Adnaloy Realty Corporation, the said endorsement and delivery constituting a consent and authorization for the payment of said check to either of the payees named therein according to the tenor thereof."   It is then alleged that " Michael F. Longo endorsed the said check as follows: ' Adnaloy Realty Corp. by Michael F. Longo, Pres.' and ' Michael F. Longo ' and on or about January 15, 1929, the said Michael F. Longo, without authority, deposited the said check to the credit and account of the said Michael F. Longo in the Interstate Trust Company [defendant's predecessor]."

The theory of the complaint is that by the common law of this State as set out in *Wagner Trading Co.* v. *Battery Park Nat. Bank* (228 N. Y. 37), the act of collecting the check and depositing it to the personal credit of Longo amounted to a conversion.   Assuming that it did and without passing on the possible relevance to this action of section 95 of the Negotiable Instruments Law (as amd. by Laws of 1927, chap. 473) to maintain an action in conversion, plaintiff must show a right to immediate possession of the proceeds of this check.

Plaintiff's claim to the right of immediate possession is based on the theory that the writing on the check " payment approved " was equivalent to a restrictive, conditional or special indorsement which reserved title in itself to the proceeds if they were not paid over to the copayee.   Admittedly, an instrument payable to two payees cannot be negotiated free from defenses by the indorsement of one payee alone.   (See *Karsner* v. *Cooper*, 195 Ky. 8; 25 A. L. R. 159, and note.)   By parity of reasoning, if a check is not indorsed by one of several payees, a cause of action in conversion should lie in that one's favor provided he can show damage.   But there was a writing here and our problem is to determine just what it conveyed to a purchaser.   The question is not raised, but we assume that since a check drawn in the alternative is negotiable (See Neg. Inst. Law, § 27, subd. 5), and since negotiability is not affected by an instrument drawn to the order of several payees jointly (See Neg. Inst. Law, § 71), an instrument may be drawn payable both in the alternative and jointly without affecting its law merchant status.

The Negotiable Instruments Law, section 113, fully protects defendant. According to that section, a person is deemed an indorser who places his signature upon an instrument otherwise than as maker, drawer or acceptor " unless he clearly indicates by appropriate words his intention to be bound in some other capacity." We are satisfied that the words " payment approved " do not clearly indicate an intention on the part of the indorser to be bound in any way other than as a general indorser. Certainly, under this complaint, it must be clear that the expression was not appropriate to instruct the bank to pay only to either payee and to no one else. It in fact conveys no such direction. As matter of law, the words used were insufficient to satisfy the requirement of section 113 of the Negotiable Instruments Law, and, therefore, the writing must be deemed to be an indorsement.

The indorsement transferred the immediate right to possession out of the plaintiff and it cannot sue for the recovery of the proceeds.

The complaint does not set out the business function attempted to be served by drawing the check jointly and in the alternative. However, if there is any functional purpose contemplated, such as that of protecting a surety from defalcation by its principal or agents, that purpose can easily be accomplished by a restrictive indorsement. No such attempt was made here.

Accordingly, the order should be reversed, with ten dollars costs and disbursements, and the motion to dismiss the complaint granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint within ten days after service of notice of entry of order, upon payment of said costs.

O'MALLEY and SHERMAN, JJ., concur; FINCH, P. J., and MERRELL, J., dissent.

FINCH, P. J. (dissenting). I dissent and vote to affirm. The defendant restricted its indorsement by approving a payment to its copayee and to no other.

MERRELL, J., concurs.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint within ten days from service of order upon payment of said costs.