Patrick J. Picariello, J.
This action was instituted by plaintiff to recover on a check made by the defendant Ascher, allegedly indorsed by the defendant Caro, and made payable to and delivered to plaintiff’s attorneys.
*228 By agreement dated September 6, 1963, plaintiff, as vendor, contracted to sell his gift shop business to a corporate vendee of which defendant Caro was its treasurer. At the time of the execution of the contract of sale defendant Ascher, acting as attorney for the corporate vendee, made and executed the subject check and delivered the same to plaintiff’s attorneys in compliance with the following provisions of the said sales agreement: ‘ ‘ 4. Said purchase price shall be paid by the buyer to the seller as follows: (a) $1,000.00 on the signing of this contract, receipt of check for which is hereby acknowledged (the subject check) to be held in escrow by Rosenfeld and Rosenfeld, Esqs., attorneys for the seller, (c) The balance of the purchase price of the merchandise to be paid for in cash at the time of closing.”
The contract was signed by the defendant Caro, as treasurer of the corporate vendee, and his signature also appears at the bottom of the reverse side of the subject check under the legend 1 ‘ payment approved ’ ’.
Payment of the check was stopped by defendant Ascher on the very next business day following the day the contract was signed after he had ascertained that plaintiff had more than 30 creditors, instead of the one he had represented to have had at the time the sales contract was executed, a fact which was simultaneously conveyed to plaintiff’s attorneys.
The sales transaction failed to materialize for reasons which this court finds not material to a determination of the issues presented in this case. The only question involved is defendant Caro’s liability to the plaintiff by reason of his aforesaid indorsement, plaintiff contending that defendant had thereby lent his credit to the check and had made himself personally responsible for its payment, the court having, by its order dated March 30,1964, on plaintiff’s application for summary judgment against both defendants, dismissed plaintiff’s complaint as to the defendant Ascher.
Plaintiff invokes the provisions of section 113 of the Negotiable Instruments Law, the applicable portions of which read as follows: “ A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity.” Thus, contends the plaintiff, defendant Caro became liable for the payment of the check as an indorser by virtue of having placed his signature on the reverse side of the check in the manner above described. The circumstances under which defendant placed his signature on the subject check impel the court to discount this contention. In the case of Fay v. Witte (262 N. Y. *229 215) cited by the plaintiff in support of his contention, the court held that if the payee had intended merely to pass title to the instrument, he should have employed the words “without recourse ” or some phrase of equal import. His liability was implied without words expressly creating it. To be negatived, continued the court, words should be used which negate the implication. In the case at bar, not only was the defendant not a payee of the instrument, he had no title to pass. Moreover', his signature was placed under the words ‘ ‘ payment approved ’ ’ under such circumstances that 1 ‘ his intention to be bound thereby in any capacity other than as an endorser was clearly indicated by appropriate words.”
Plaintiff lays great stress and relies on the case of Glens Falls Ind. Co. v. Chase Nat. Bank of City of N. Y. (232 App. Div. 219, affd. 257 N. Y. 441) wherein the court discusses the liability of a person who affixes his signature on a check which contains the words ‘ ‘ payment approved ’ ’.
That case is clearly distinguishable from the one at bar.
In that case, which was one in conversion, the party who placed his signature under the words “ payment approved ” was a copayee whose signature was necessary to convey title to his share of the proceeds of that check. He approved payment to his copayee, and when the proceeds of the check were channeled into an account other than the one for which it was intended, the court held under the circumstances as a matter of law that the words “ payment approved ” did not clearly indicate an intention on the part of the indorser copayee to be bound in any other way than as a general indorser.
Plaintiff’s reliance thereon only serves to emphasize the inviolability of that legal tenet which holds that every case is peculiar unto itself and becomes its own precedent.
No formula has been devised which furnishes a test for determining in all cases the effect of words signifying an intention. The primary criterion for determining the question in this case is the intention of the parties as determined by a fair construction of the terms and provisions of the sales contract under which the check was made and delivered, the subject matter to which it refers, and by the peculiar circumstances of the particular transaction giving rise to the question.
Prom the above-quoted provision of the sales contract under which the subject check came into existence, and with knowledge of which the plaintiff is charged, it can be readily ascertained, and the intention of the parties is qxrite clear, that the check delivered to the plaintiff’s attorneys was to be held by them until the happening of a contingency, or performance of a *230 condition (in this case until the sales transaction was consummated) at which time the same, or its proceeds, was to be delivered by the payee to the plaintiff and applied as part payment of the purchase price. It follows, therefore, that neither the plaintiff nor the payee had title to the check, nor would the plaintiff have been entitled to possession of its proceeds, had payment on the check not been stopped, until the happening of the said contingency. Under such circumstances there was no delivery of the check for the purpose of giving effect thereto, or for the purpose of transferring its proceeds to the plaintiff herein.
Under the circumstances and upon the evidence, there can be no question, and the court so finds, that the defendant Caro was not a party to the sales contract, that he did not sign his name to the check in order to lend it credit, that he was neither the maker, payee nor acceptor of the check, that his signature was not required to effect its negotiation. The court also finds that the functional purpose contemplated by defendant’s said signature to the check was merely to approve the deposit payment intended thereby and to protect the codefendant attorney from any claim the corporate vendee might make tending to challenge the codefendant’s authority to make such deposit.
Considerable evidence was adduced and testimony elicited on the issue of who breached the sales contract. It is defendant’s claim, reflected in the affirmative defense contained in his answer to plaintiff’s complaint, that since plaintiff breached the sales contract, there was no consideration for the subject check. The court is of the opinion that the above findings render a resolution of the factual issue raised by the defendant’s affirmative defense dispensable to its determination of defendant’s liability on the subject check.
Assuming, arguendo, that this issue could properly be raised upon the trial and its resolution essential to a determination of defendant’s liability, the court makes the following observations and findings:
Plaintiff’s election to recover on the subject check instead of proceeding to institute an action against the corporate vendee to recover damages for the latter’s breach of contract is, in a manner of speaking, and synonymizes with one to collect a forfeiture, in which event plaintiff must be held to complete and strict compliance with the contract terms as of September 16,1963, the closing date fixed in the contract.
Was the plaintiff ready to pass title on September 16, 1963? Had he complied with all the terms of his contract? Was there a tender by him on the closing date ? The court finds that not *231 only was the plaintiff not ready to close title on the closing date in accordance with the terms of the sales contract and had failed to comply with its provisions, hut also that there was no tender made by him on the law date in an attempt to so comply. Due consideration given to the credible evidence adduced by the litigants on this issue leads the court to the irrefutable finding, among others, that there was a lack of compliance with the provisions of section 44 of the Personal Property Law occasioned by plaintiff’s misrepresentation of the number of creditors and also that the plaintiff had failed to procure the assignment of lease from his landlord ready for delivery to the corporate vendee on the closing day as he had undertaken.
Plaintiff’s contention that his offer to execute and deliver an ‘ ‘ affidavit of no creditors ’ ’ at the closing date relieved compliance with the mandated provision of the above statute is legally insufficient. His claim that corporate vendee’s personal negotiations with the landlord for an assignment of the lease relieved him of his obligation to produce and deliver the same to the corporate vendee on the closing date is legally untenable.
Plaintiff then seeks to justify his position on closing date by claiming that he was not required in any event to make a tender in accordance with the terms of the sales contract because of corporate vendee’s anticipatory breach occasioned by the stop payment order of the subject check. He cites in reliance thereon, the case of Cohen v. Kranz (15 A D 2d 938, affd. 12 N Y 2d 242). In that case the vendee, who was seeking a return of a deposit payment made on a real estate contract, had notified the defendant vendor that he would not go through with the contract because title to the property was uninsurable. No specifications were made known to the vendor and no opportunity to cure the same was afforded him. Under such circumstances the Court of Appeals found there was an anticipatory breach by the vendee and no tender was therefore necessary on the part of the vendor. Such was not the fact in this case. Plaintiff was duly notified at the time payment on the check was stopped that because of the failure of the plaintiff to apprise the corporate vendee of the fact that he had more than 30 creditors, and not one, as he had represented, there was insufficient time for the purchaser to notify the creditors of the impending sale under the provisions of the above statute. There was no attempt on the part of the plaintiff to forward to the corporate vendee the names, addresses and other information required, including the amount of the indebtedness. The evidence clearly indicates that on the closing date plaintiff appeared at the closing with over 30 envelopes each addressed to a different creditor, in each of *232 which he intended to insert a check in payment of the particular indebtedness. This certainly would not have absolved the corporate vendee of any liability to unknown and/or undisclosed creditors; nor would it protect these creditors, thereby rendering the provisions of the statute ineffective.
There was further testimony that an application requested by the corporate vendee to adjourn the closing date so as to give it an opportunity to comply with the provisions of the statute was denied by the plaintiff unless he received an additional deposit. Under the circumstances the court finds that plaintiff was obligated to make a tender in accordance with the terms of the sales contract.
Judgment for defendant dismissing plaintiff’s complaint, with costs.