Richard Aronson, J.
In this action brought by plaintiff to recover from the defendant the amount of a check payable to *407 plaintiff and certified by the defendant, the third-party defendant moves pursuant to CPLR 3212 for summary judgment dismissing both the complaint of the defendant and third-party plaintiff and that of the plaintiff. The plaintiff has cross-moved to dismiss or sever the third-party action and for summary judgment in his favor against the defendant. Both motions are considered together.
According to the affidavit of Norm Gr. Hancock, the president of the third-party defendant, the drawer of the check in question, in May, 1971 he was interested in obtaining for his principal, Champion Home Builders of Dryden, Michigan, a suitable factory site in New York State for the building of' mobile homes. A broker took him to an available factory site in Canastota, New York owned by Union National Electric Corporation (Union). Hancock was referred to a Mr. Hall of the Canastota Industrial Development Corporation who took him to the plaintiff who represented himself as the Village Attorney and a member of the Development Corporation. After some negotiation the plaintiff agreed to prepare an agreement for the sale and purchase of the plant and requested that Hancock deliver to him a check in the amount of $10,000 as down payment, and Hancock drew the check on the defendant, the Merchants National Bank & Trust Company of Syracuse (Merchants) on May 13, 1972. Hancock procured the check to be certified by the defendant bank upon which it was drawn, and prior to certification Saul Alderman, whose firm is general counsel to Hawk Sales Co., in his own handwriting indorsed on the face of the check the words “ Down payment — National Union property ’ ’, and he also effected certain changes in the contract. On the following day Hancock went to plaintiff’s office with Mr. Alderman and delivered the check to plaintiff.
The contract which plaintiff prepared, inter alla, provided that he was the broker in the transaction; that there was to be no liability on the part of the purchaser, Hawk Sales Co., Inc., for brokerage commissions; that there was a fixed time for acceptance of the offer or the agreement was to be considered void; and that payment of the real estate commissions was contingent upon closing of the title.
The contract was never closed, for the reason that the price was inadequate and also because the owner refused to have dealings with any broker other than its own real estate organization. The plaintiff was advised of the decision in writing by John Robertson, the local counsel of the owner. Thereafter Mr. Alderman demanded the return of the check from the plain *408 tiff who refused to comply, whereupon Mr. Alderman, through Mr. Samuels of his office, placed a stop order with the defendant Merchants and the bank thereafter refused to honor the check when it was deposited by the plaintiff, and this litigation ensued. The defendant has interpleaded the maker of the check, Hawk Sales Co., Inc., as the defendant in a third-party action.
On May 27, 1972 a new contract was negotiated with the • owner at a substantial increase in price, whereupon the plaintiff brought an action against the owner and others in Madison County in which he seeks to recover' a real estate commission on the sale of the property and also damages by reason of an alleged conspiracy on the part of the several defendants to deprive him of his commission.
The movant contends that there is no merit to the causes of action asserted in the complaints; that there are no triable issues of fact presented and, therefore, summary judgment should be granted.
The plaintiff, in opposition to the motion and in support of his motion for summary judgment against the defendant, claims that he is the payee in ^possession of a check certified by the defendant at his, the payee’s request, and since the bank by reason of its certification of the check is obligated to honor it and has no right to refuse to pay it, no issue of fact is presented which requires a trial of the action; therefore, the third-party action should be severed and summary judgment should be granted to him.
The third-party defendant opposes both motions.
The thrust of the third-party defendant’s motion is that there is no merit to the plaintiff’s cause of action on the check for the reason that he is not the rightful owner thereof inasmuch as he came into possession of it purely as an escrow agent, and, when the offer which he himself had prepared was not accepted, he was obligated to return the check to the maker pursuant to the terms thereof. The third-party defendant further urges that it had a right to place the stop order with the bank for the reason that the plaintiff, as escrow agent, has no legal right thereto, no lien thereon, and regardless of whether the payee or the maker requested or obtained the certification, the plaintiff, who gave no consideration for the check, has no right to the proceeds thereof as against the third-party defendant to whom it rightfully belongs and to whom it should be returned.
*409 It is undisputed that the sale of the property covered by the agreement prepared by the plaintiff never came about because the owner, for the reasons hereinabove stated, did not accept the offer of Hancock who was acting on behalf of the third-party defendant. Further, there is no dispute that the maker ordered the defendant bank to stop payment on the certified check and that the defendant followed those instructions.
On a motion for summary judgment, issue-finding, rather than issue-determination, is the key to the procedure (Sillman v. Twentieth Century-Fox Film Corp., 3 N Y 2d 395, 404). To grant summary judgment it must clearly appear that no material and triable issue of fact is presented (Di Menna & Sons v. City of New York, 301 N. Y. 118). All that remains to be determined herein are questions of law and it has been held that an issue of law, no matter how serious or difficult, does not prevent the granting of summary judgment where no material issue of fact is presented (Coutts v. Kraft & Bros. Co., 119 Misc. 260, affd. 206 App. Div. 625). Except that there is a question of fact as to who requested certification of the check, the payee or the maker, the facts are undisputed, and since it is immaterial as to who made the request, all that remains to be determined are two questions of law, viz., whether, considering all of the circumstances surrounding the plaintiff’s possession of the check in question, the defendant, by reason of its certification thereof, is liable to the plaintiff, and whether the plaintiff is entitled to the proceeds thereof.
As far as the third-party defendant is concerned, the plaintiff was nothing more than a stakeholder or escrow agent in this transaction. The check, according to the handwritten legend placed thereon by the maker’s counsel specifically noted that it represented the down payment on the National Union property purchase. The purchase offer signed by Norman Hancock, president of the third-party defendant, provided that the $10,000 deposit was to be applied on the purchase price upon the closing of the transaction “ or if there shall be no closing, then in such event to be returned to the Purchaser in full”. The plaintiff as the recipient of the certified check for $10,000 in his capacity as escrow agent was limited in its disposition not only by the aforesaid provision of the contract but also by the above legend which indicated the purpose for which the check was drawn and which obligated him to return the check to the third-party defendant as soon as he was notified by the owner that the offer was not accepted (Klein v. Ascher, 44 Misc 2d *410 227; Entertainment & Amusements of Ohio v. Barnes, 49 Misc 2d 316; Gershen v. Gershen, 6 A D 2d 862).
The plaintiff’s claim to entitlement of the check is based upon the rationale that he has earned a commission on the sale of the property, and, therefore, the check representing a deposit by the third-party defendant should be applied toward the payment thereof. In that respect it is significant that the very contract which the plaintiff himself drew provided that the obligation for any commission rested with the seller, not the buyer, and, therefore, as hereinabove stated, even if the plaintiff is entitled to a commission, he cannot collect it from the purchaser, which is further reason to deny his claim to its check.
The fact that the check was certified does not inure to the benefit of the plaintiff, because he has no substantive right to the $10,000 deposit and, therefore, the defendant rightfully refused to honor it. When, after certifying a check, there is good reason to believe that a holder is not entitled to payment thereof, the drawee bank may cancel its certification, particularly when there has been no change in the rights or situation of the holder between the time of certification and the cancellation thereof so as to render the revocation inequitable (Greenberg v. World Exch. Bank, 227 App. Div. 413). It is immaterial who requested the certification of the check.
As the court said in Greenberg v. World Exch. Bank (supra, p. 416): “ Certification properly imports a promise to pay the lawful owner of the note and not the particular person who procures the certification.” Considering the circumstances under which he came into possession of the check, viz., that he gave no consideration for it and that it was delivered to him as an escrow agent, the plaintiff has no lawful right to retain the $10,000 check in question or to its proceeds, nor is the defendant liable to him for said amount by reason of its refusal to honor it, notwithstanding that it was certified by the defendant. Furthermore, since the plaintiff still holds the check and has not negotiated it, he is in no way prejudiced by the position taken by the defendant.
For the foregoing reasons, the third-party defendant’s motion for summary judgment dismissing both the plaintiff’s complaint and the third-party complaint is granted, and the plaintiff’s cross motion for summary judgment is in all respects denied, both without costs, and the plaintiff is directed to forthwith return the check to the maker..
Although the defendant in opposing the motions did not move for summary judgment, such motions search the record and the *411 court has power to grant judgment to the opposing side, and, therefore, summary judgment is also granted to the defendant dismissing the plaintiff’s complaint pursuant to subdivision (b) of CPLR 3212, all without costs.