**ADMIRAL LEATHER CORPORATION, Plaintiff,**

v.

**MANCHESTER MODES, INCORPORATED, Defendant.**

**ADMIRAL LEATHER CORPORATION, Plaintiff,**

v.

**CONNECTICUT BANK AND TRUST COMPANY, Defendant.**

No. 75 Civ. 3801.

United States District Court, S. D. New York.

July 21, 1976.

Crystal & Driscoll, P.C., New York City, for plaintiff, by Stephen Lee Crystal, New York City, of counsel.

Amen, Weisman & Butler, New York City, for defendants, by Michael G. Shannon, New York City, of counsel.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

Plaintiff, Admiral Leather Corporation ("Admiral"), as payee of a check moves for summary judgment against Connecticut Bank and Trust Company ("CB&T"), the drawee and acceptor of the check. Jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332. Most facts are undisputed.

Manchester Modes, Incorporated ("Manchester"), a defendant in an action consolidated with the instant action, drew check number 4349, dated May 30, 1975, on its account at CB&T in the amount of $24,-672.61. On June 24, 1975, Manchester delivered the check to Admiral, the named payee. Kappel Mark, President of Admiral, took the check to CB&T on June 25, and requested that it be certified. An official of the bank telephoned a Manchester employee to verify that the check was properly held by Mr. Mark, whereupon CB&T certified the check.

Later in the day, on June 25, Mr. Ellis, President of Manchester, instructed CB&T to stop payment on the check which had, at this point, been certified. On June 26, CB&T "agreed to honor your stop payment in this unusual situation upon the understanding that The Connecticut Bank and Trust Company would be indemnified . . . ." (Shulansky letter of June 26, 1975). The basis for the stop payment request was a quality dispute over leather goods ordered from Admiral.

Also on June 26, Mark deposited the check in Admiral's account at Banker's Trust Company in New York. Apparently Banker's Trust forwarded the check through the Federal Reserve System to the Federal Reserve Bank of Boston. From there the check went on to the Hartford National Bank and eventually to CB&T.

For reasons not adequately explained, CB&T marked the check paid on July 2, held on to the check, and then, on July 17, stopped payment and returned the check to Banker's Trust. (Deposition of Shulansky at 39–43.)

The basic issue presented on this motion is whether CB&T, the drawee bank, is precluded by its certification from raising the personal defenses of the drawer, Manchester, as against Admiral, the payee.

■ Under New York's Uniform Commercial Code ("UCC") which is applicable to this diversity action, *Klaxon Co. v. Stenton Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), certification of a check is an acceptance and when procured by a holder discharges the drawer's obligations on the instrument. N.Y. UCC § 3–411(1) (McKinney 1964). An "[a]cceptance is the drawee's signed engagement to honor the draft as presented." N.Y. UCC § 3–410. "The maker or acceptor engages that he will pay the instrument according to its tenor at the time of his engagement . . . ." N.Y. UCC § 3–413(1). "By . . . accepting, the party admits as against all subsequent parties including the drawee the existence of the payee and his then capacity to indorse." N.Y. UCC § 3–413(3).

■ While these provisions govern the substance of the contract of an acceptor, it remains unclear whether the bank may cancel the certification based upon personal defenses of the drawer. Section 3–418 which governs finality of acceptance provides that:

"Except for recovery of bank payments as provided in the Article on Bank Deposits and Collections (Article 4) and except for liability for breach of warranty on presentment under the preceding section, payment or acceptance of any instrument is final in favor of a holder in due course, or a person who has in good faith changed his position in reliance on the payment." [1]

The comments to the section indicate that the certifying bank may cancel its certification if the holder does not have the rights of a holder in due course and has not changed his position in reliance upon the bank's promise to pay:

"The section follows decisions under the original Act, in making payment or acceptance final *only* in favor of a holder in due course, or a transferee who has the rights of a holder in due course under the shelter principle. If no value has been given for the instrument the holder loses nothing by the recovery of the payment or the avoidance of the acceptance, and is not entitled to profit at the expense of the drawee . . . ." (emphasis added)

■ In the present case the payee received the check directly from the drawer in payment for the goods which are now the subject of the dispute over quality. As a party to the contract, he is presumed to have notice of any alleged defenses and, therefore, cannot claim holder in due course status. N.Y. UCC § 3–302(1)(c). An issue of fact would still remain as to whether Admiral changed its position in reliance upon the certification. This is a question to be left for trial.

The result here reached, that the bank may cancel its certification unless the payee has changed its position, is supported by a fairly recent New York case. In *Balducci v. Merchants National Bank & Trust Co.*, 74 Misc.2d 406, 345 N.Y.S.2d 263 (Sup.Ct., Onondaga County 1972), *aff'd*, 41 A.D.2d 1030, 344 N.Y.S.2d 828 (4th Dep't 1973), the plaintiff, a real estate broker and named payee on a check, brought the instrument,

---

1. The last phrase of the section speaks in terms of one who changes "his position in reliance on the payment." This must be read to include the promise of payment inherent in acceptance. The entire provision makes "payment or acceptance" final as to both the holder in due course and the person who has changed his position. A narrower reading of the term "payment" as used in the last phrase of the section would render that phrase meaningless as applied to an acceptor. Clearly, that is not the intention of the section. *See Balducci v. Merchants National Bank & Trust Co.*, 74 Misc.2d 406, 345 N.Y.S.2d 263, 268 (Sup.Ct. Onondaga County 1972), *aff'd*, 41 A.D.2d 1030, 344 N.Y.S.2d 828 (4th Dep't 1973).

which represented a down payment on a parcel of land, to the drawee bank for certification. Thereafter, the real estate transaction fell through and the drawer stopped payment on the certified check. In denying summary judgment to the plaintiff, the court concluded as follows:

"The fact that the check was certified does not inure to the benefit of the plaintiff because he has no substantive right to the $10,000 deposit and, therefore, the defendant rightfully refused to honor it. When, after certifying a check, there is good reason to believe that a holder is not entitled to payment thereof, the drawee bank may cancel its certification, particularly when there has been no change in the rights or situation of the holder between the time of certification and the cancellation thereof so as to render the revocation inequitable (*Greenberg v. World Exchange Bank*, 227 App.Div. 413, 237 N.Y.S. 200)."

345 N.Y.S.2d at 268.

Should it develop at trial that the revocation of certification was effective, the bank's liability would still be open to question. Having failed to dishonor the check within the time provided for in the Code, N.Y. UCC § 4–213, the bank may be sued on the instrument. However, since the bank honored the check over a stop payment order, it may raise any of the drawer's defenses against the payee. N.Y. UCC § 4–407(c) [2] of course, any such defense is also a matter for trial.

The motion for summary judgment is denied.

SO ORDERED.

---

2. Section 4–407 provides in part:

"If a payor bank has paid an item over the stop payment order of the drawer . . . ., to prevent unjust enrichment and only to the extent necessary to prevent loss to the bank by reason of its payment of the item, the payor bank shall be subrogated to the rights (c) of the drawer or maker against the payee or any other holder of the item with respect to the transaction out of which the item arose."