■ ARTHUR QUISTGAARD, Appellant-Respondent, v EAB EUROPEAN AMERICAN BANK AND TRUST COMPANY, Respondent-Appellant.—Order, Appellate Term of the Supreme Court, First Department (Jawn A. Sandifer, J. P., and Edith Miller, J., concurring, William P. McCooe, J., dissenting in part), entered April 12, 1990, which modified an order of the Civil Court, New York County (Dynda L. Andrews, J.), entered June 2, 1988, by reinstating the first and fourth causes of action alleged in plaintiff's amended verified complaint, and

which otherwise affirmed the order, which had, *inter alia,* granted defendant's motion for summary judgment dismissing the amended verified complaint, is unanimously modified, on the law, to grant plaintiff's cross-motion for summary judgment on the first cause of action and to strike the fourth cause of action, and is otherwise affirmed, without costs.

Plaintiff brought this action against defendant EAB European American Bank and Trust Company ("EAB") based on allegations concerning EAB's failure to pay a check for $25,000 drawn to plaintiff's order. On January 7, 1985, plaintiff presented the check, which was drawn on the account of Video Computer, Inc. ("Video"), and signed by Mayer Kiss, an officer of Video, at one of defendant's branches. Plaintiff alleges that the check was a return on an investment and that, aware of Kiss's reputation for cancelling checks to suppliers, he had visited the bank on two previous days attempting to have the check certified or cashed, only to be told that there were insufficient funds in Video's account. According to plaintiff, on the date in question, he again asked to have the check certified and cashed. Plaintiff and EAB agree that plaintiff was instructed by an EAB employee to return in a half hour to pick up the funds. According to plaintiff, before he left, EAB certified the check, and the check itself, a copy of which appears in the record, reveals that it was marked with the bank's certification stamp, which reads, in large print, "CERTIFIED", and, beneath that, in small print, "Payable only as originally drawn and when properly endorsed." The check was also initialled by a bank officer. After plaintiff left, an EAB employee called Kiss, who informed the bank that he never issued the check, that, if plaintiff were in possession of such a check, he must have stolen it and fraudulently completed it by filling in the sum and his name as payee, and that the check must not be cashed. When plaintiff returned to the bank, Kiss, who had come to the bank in the interim, confronted him and accused him of theft. The police were summoned and plaintiff was arrested. EAB kept the check.

Plaintiff's first cause of action, though cast in terms of damages, is, in essence, to compel payment on the certified check. We find that this cause of action, upon which, along with the remainder of the complaint, the Civil Court granted summary judgment dismissing the complaint, was properly reinstated by the Appellate Term. Moreover, we agree with the dissenting opinion in that court that, since no questions of fact remain, summary judgment should be granted to plaintiff.

First, we reject EAB's claim that the check was not certified because, under bank policy, the maker should have been contacted before it was certified. Even if EAB were to establish that its policy, before certifying a check, is to contact the maker, it would be irrelevant. Certification must be judged by an objective standard. Thus, once the check was stamped "CERTIFIED" and signed by the bank's agent, the bank may not claim that the check was not really certified because it had not completed its subjectively defined procedures (see, UCC 3-411; Quinn, UCC Commentary and Law Digest ¶ 3-411 [A] [6]). Moreover, the certification, as a form of acceptance, became operative "when completed by delivery or notification" (UCC 3-410 [1]). Plaintiff asserts that he was notified before he left the bank that the check had been certified, and EAB has presented no evidence refuting this assertion.

EAB also argues that, even if the check was certified, it properly withdrew that certification upon Kiss's stop payment order. We reject this argument.

When a bank certifies a check, it accepts it (UCC 3-411 [1]), thereby becoming legally bound to pay it to one rightfully entitled to the funds (UCC 3-413 [1]; see also, 9 NY Jur 2d, Banks and Financial Institutions, § 373). Moreover, since, in this case, the bank certified the check for the holder, it assumed sole liability on the check and the drawer was thereby discharged (UCC 3-411 [1]; White and Summers, Uniform Commercial Code § 13-8 [2d ed]).

Once a bank has accepted a check by certifying it, it is limited in its right to refuse to honor the check. Thus, under UCC 4-303, a bank must make payment on a certified check* regardless of a subsequently received stop payment order. Since, in this case, the stop payment order was received by the bank after the certification became operative, the bank was not entitled to refuse to pay the check on that basis.

Moreover, while there is some authority for the proposition that a bank may, in the absence of reliance by the payee, withdraw a certification which was issued by mistake (Metropolitan Life Ins. Co. v Bank of U. S., 259 NY 365; see generally, Annotation, Right of Bank Certifying Check or Note By Mistake to Cancel, or Avoid Effect of, Certification, 25 ALR3d

---

* Under recently enacted provisions of UCC 4-403 (2), which took effect on July 1, 1991, there is a limited right to stop payment on a certified check which has not been presented for payment within 90 days of certification. Clearly, even if this section were applicable to the case at bar, it would have no bearing on the facts herein.

1367), in this case we find that defendant has failed to make out such a mistake.

In reference to this issue, we must note at the outset that, contrary to EAB's assertions, there is some reason to believe that EAB did not actually attempt to withdraw the certification upon receipt of the stop payment order, since, on the day after the stop payment order was received, EAB apparently attempted to pass a "certification debit" on Video's account in order to hold funds to cover the check, only to find that the funds had at that point been withdrawn. Thus, there is a basis to find that EAB's "mistake", and its reason for attempting to withdraw its certification, was in allowing its customer to withdraw the funds after the check was certified.

However, even accepting EAB's assertion that the charges of theft were the basis for withdrawal of the certification, we must reject its argument. EAB has made no allegation that any of the information it relied on in certifying the check, such as the balance in Video's account or the genuineness of Kiss's signature, was incorrect. Rather, the information which allegedly gave rise to EAB's belief that the certification was mistaken was the stop payment order and the charges of theft which accompanied it. Clearly, it would be circumventing the provisions of UCC 4-303 were we to permit EAB to argue that a stop payment order, whatever the rationale therefor, received subsequent to certification is tantamount to a mistaken certification. Since, at the time the check was certified, EAB was not mistaken as to any of the elements which entered into the decision to certify, EAB was not entitled to later withdraw the certification on that basis. We note that, to the extent that this holding is contrary to dicta contained in *Balducci v Merchants Natl. Bank & Trust Co.* (74 Misc 2d 406, *affd* 41 AD2d 1030), we decline to follow that case.

Thus, having effectively certified, and thereby accepted, the check, it is clear that EAB had foregone the opportunity to simply wash its hands of the matter by reference to its good faith, and its reliance on its customer's unsupported allegations was at its own risk. Of course, EAB would be fully entitled to defend the within action by reference to certain personal defenses held by the drawer, including theft (UCC 3-306), or by showing that the certification was obtained from it by fraud (9 NY Jur 2d, Banks and Financial Institutions, § 378). However, EAB has offered no such defense. Nor has EAB sought to interplead the drawer of the check *(cf., Greenberg v World Exch. Bank,* 227 App Div 413), though it has apparently commenced a separate action against it.

EAB also claims that it is entitled to summary judgment by virtue of the fact that the check was never indorsed, and therefore never became payable. Even though the check was certified, before EAB was obligated to pay it, it was entitled to demand and receive necessary indorsement (UCC 3-201 [3]; 3-202, 3-507 [3]; *see, Tonelli v Chase Manhattan Bank,* 41 NY2d 667, 670), and, indeed, EAB specifically conditioned the check's payment on such indorsement when it stamped the check, "Payable only as originally drawn and when properly endorsed" *(see, Lipten v Columbia Trust Co.,* 194 App Div 384, 393-394). However, while plaintiff never actually indorsed the check, he has alleged, and EAB does not contest, that he was never asked to do so, "though I was ready, willing and able to do so and remain, at the present time, ready, willing and able to do so." Moreover, it is clear that EAB refused to pay the check for reasons other than lack of indorsement. Under such circumstances, and since it is only EAB's retention of the check which has prevented its indorsement, EAB can hardly argue that the lack of such indorsement is a defense to its obligation to pay, and we therefore find that any condition of indorsement was waived.

For these reasons, we agree with the conclusion of the dissenting Justice at the Appellate Term that judgment should be granted to plaintiff on his first cause of action. However, as to the fourth cause of action, for damages caused by wrongful dishonor, we find that it must be dismissed, inasmuch as plaintiff is not a "customer", i.e., a "person having an account with [EAB] or for whom [EAB] has agreed to collect items" (UCC 4-104 [1] [e]) within the meaning of UCC 4-402 *(Papadopoulos v Chase Manhattan Bank,* 791 F Supp 72).

We have examined the parties remaining contentions and find they are without merit. Concur—Sullivan, J. P., Milonas, Ellerin and Kupferman, JJ.