■ NICHOLAS J. SCALI, Respondent, v KEY BANK OF NEW YORK, N.A., et al., Appellants. [611 NYS2d 21] —In an action to recover damages for wrongful dishonor of a check, the defendants appeal from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated July 16, 1992, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendants' motion is granted, and the complaint is dismissed.

We agree with the defendants' contention that the plaintiff lacks standing to maintain an action pursuant to UCC 4-402 for wrongful dishonor of a check. UCC 4-402 provides that "[a] payor bank is liable to its *customer* for damages proximately caused by the wrongful dishonor of an item" (emphasis added). The term "customer" is defined in UCC 4-104 (1) (e) as "any person having an account with a bank or for whom a bank has agreed to collect items". Here, the record indicates that the plaintiff had an account with the Middletown Savings Bank, rather than with the defendant Key Bank of New York, N.A. or the defendant Key Bank of Eastern New York, N.A. Therefore, the action must be dismissed because the plaintiff was not a "customer" of the defendant banks within the meaning of UCC 4-402 *(see, Quistgaard v EAB European Am. Bank & Trust Co.,* 182 AD2d 510, 514; *Agostino v Monticello Greenhouses,* 166 AD2d 471; *see also,* Annotation, 88 ALR4th 613). Balletta, J. P., Rosenblatt, Miller and Friedmann, JJ., concur.