█ BERMAN BROTHERS-BLOCH FURS INC., Appellant, v FASHION VAULT CORP. et al., Defendants, and VALLEY NATIONAL BANK, Respondent. (And a Third-Party Action.) [856 NYS2d 564]—

Judgment, Supreme Court, New York County (Louis B. York, J.), entered April 4, 2007, inter alia, dismissing plaintiff's claims against defendant Valley National Bank, and bringing up for review an order, same court and Justice, entered March 6, 2007, which, inter alia, denied plaintiff's motion for summary judgment in its favor against defendants Valley and Frederick Margulies and for leave to amend the complaint to assert a claim of tortious interference with contract against Valley, and granted Valley's cross motion for summary judgment dismissing the complaint as against it, unanimously affirmed, with costs.

Issues of material fact preclude summary judgment in plaintiff's favor on its cause of action for tortious interference with contract against Margulies, who claimed he was acting as

president of the corporation, on the advice of the corporation's accountant, and in furtherance of a corporate purpose (*see Murtha v Yonkers Child Care Assn.*, 45 NY2d 913, 914-915 [1978]). None of the documentary evidence on which plaintiff relies conclusively disposes of the question whether Margulies acted outside the scope of his authority. In addition, Margulies claimed that he acted with the consent of his coowner, who denied that he consented, thereby creating an issue of credibility to be resolved at trial (*see Baseball Off. of Commr. v Marsh & McLennan*, 295 AD2d 73, 81 [2002]).

Plaintiff lacks standing to bring an action against Valley under Uniform Commercial Code § 3-409 (1) and (2) for wrongful dishonor of a check and in tort, respectively, because it was not a "customer" of the bank within the meaning of UCC 4-402 (*see Quistgaard v EAB Eur. Am. Bank & Trust Co.*, 182 AD2d 510, 514 [1992]; *see also Campbell v Citibank*, 302 AD2d 150, 152 [2003]). In any event, stop payment orders had been placed on the checks (*see Berler v Barclays Bank of N.Y.*, 82 AD2d 437, 439 [1981], *appeal dismissed* 55 NY2d 645 [1981]).

As plaintiff's proposed claim of tortious interference with contract against Valley is merely a claim of wrongful dishonor of a check in a different guise, the court properly denied plaintiff leave to amend the complaint to assert such claim (*see Spitzer v Schussel*, 48 AD3d 233 [2008]). Concur—Mazzarelli, J.P., Andrias, Friedman and Sweeny, JJ.