In the Matter of JOSEPH LEVY, an Attorney, Appellant.

ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK et al., Respondents.

In the Matter of AARON M. BECKER, an Attorney, Appellant.

ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK et al., Respondents.

(Argued November 19, 1930; decided January 6, 1931.)

*Harold R. Medina* and *James J. Regan* for appellants. Appellants' assertion of their constitutional privilege was not professional misconduct and constitutes no ground for disbarment. (*People* v. *O'Brien,* 176 N. Y. 253; *People ex rel. Karlin* v. *Culkin,* 248 N. Y. 465; *People ex rel. Taylor* v. *Forbes,* 143 N. Y. 219; *Matter of Kaffenburgh,* 188 N. Y. 49; *Matter of Rouss,* 221 N. Y. 81.)

*H. Bartow Farr* and *Isidor J. Kresel* for respondents. No constitutional question is directly involved in the appeal. (*Matter of Mathot,* 222 N. Y. 8; *Haydorn* v. *Carroll,* 225 N. Y. 84; *Valz* v. *Sheepshead Bay Bungalow Corp.,* 249 N. Y. 122; *People ex rel. Lewis* v. *Graves,* 245 N. Y. 195; *People ex rel. Curtis* v. *Kidney,* 225 N. Y. 299; *Matter of Rouss,* 221 N. Y. 81; *Matter of Kaffenburgh,* 188 N. Y. 49.) Appellants were properly disbarred for their refusal in the investigation to answer proper and material questions on the ground that their answers might tend to incriminate them. (*Matter of Kaffenburgh,* 188 N. Y. 49; *Matter of Rouss,* 221 N. Y. 81; *People ex rel. Karlin* v. *Culkin,* 248 N. Y. 465.)

POUND, J. The appeals herein have been taken without leave of this court or of the Appellate Division on the ground that the orders finally determine disbarment proceedings " wherein is directly involved the construction of the Constitution of the State or of the United States." (N. Y. Const. art. VI, § 7 (1); Civ. Prac. Act, § 588, subd. 1.) The clause of the Constitution the construction of which is said to be " directly involved " is the familiar one which provides: " No person \* \* \* shall \* \* \* be compelled in any criminal case to be a witness against himself." (N. Y. Const. art. I, § 6.)

This clause is said to be " directly involved " because the appellants herein on the preliminary investigation of ambulance chasing ordered by the Appellate Division (*People ex rel. Karlin* v. *Culkin*, 248 N. Y. 465) asserted their claim of privilege and refused to answer certain questions propounded to them as to their professional conduct. Although they afterwards testified freely before the referee in the disbarment proceedings on the same matter without self-incrimination, it was, on the preliminary investigation not so " perfectly evident and manifest that the answer called for (could not) incriminate, as to preclude all reasonable doubt or fair argument." (*People ex rel. Taylor* v. *Forbes*, 143 N. Y. 219, 231.) They were sustained in their claim of privilege, and properly so.

When, however, the Appellate Division acted in the disbarment proceedings it held that the claim of privilege was asserted in bad faith on the preliminary hearing for the purpose of hindering and impeding the investigation and that such conduct justified the removal of appellants from the practice of law. The witness may not claim his privilege when he is clearly contumacious, not acting in good faith but making the claim as a mere pretext to avoid giving non-incriminating answers. (*People ex rel. Taylor* v. *Forbes, supra.*)

We fail to see how the construction of the Constitution is directly involved (*People ex rel. Moss* v. *Supervisors*, 221 N. Y. 367; *People ex rel. Curtis* v. *Kidney*, 225 N. Y. 299) or that any question of constitutional right is involved. We pass as unnecessary for consideration at this time the question whether the assertion in good faith of the privilege against self-incrimination is ground for disbarment. Appellants were not disbarred for asserting their privilege but for asserting it in bad faith. We may not examine the evidence on a motion to dismiss an unauthorized appeal in order to ascertain whether it sustains the finding that the privilege was asserted in bad

faith. No question of constitutional right to remain a member of an honorable profession arises when an attorney delays or impedes justice by the contumacious assertion of spurious privileges. That question is all that we may consider in this connection.

Another ground urged for disbarment remains to be considered. The Appellate Division sustained charges of ambulance chasing against appellants and said that on this charge alone the court was justified in disbarring them. It is urged that the appeal will not lie as of right even if a constitutional question were otherwise involved. As we think it affirmatively appears in this case that the construction of the Constitution is not involved it is unnecessary to discuss the point at length. The rule has been sufficiently stated in *Matter of Haydorn* v. *Carroll* (225 N. Y. 84, 88) as follows: " If the decision was or may have been based upon some other ground [than that involving the construction of the Constitution] the appeal will not lie."

The appeals should be dismissed.

CARDOZO, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Appeals dismissed.