In the Matter of the Application to Vacate Subpœnas Duces Tecum Addressed to WILMAN AGENCY and Others.

DONALD G. WILMAN, etc., and Others, Petitioners; FRIEDA S. MILLER, Industrial Commissioner of the State of New York, Respondent.*

Supreme Court, Special Term, New York County, May 8, 1942.

* Affd., 264 App. Div. 850.

*Burke & Burke* [*William E. Vogel* and *Fred Taylor* of counsel], for the petitioners.

*John J. Bennett, Jr., Attorney-General* [*J. F. X. McGohey* and *Leonard E. Ruisi* of counsel], for the respondent.

SCHMUCK, J.   By this application information is sought anent the scope of authority vested in the Industrial Commissioner to make inquiry concerning discrimination because of race, creed or color in defense industries.   To what extent can the Commissioner go in the exercise of the powers vested by sections 21-b, 39 and subdivision 8 of section 21 of the Labor Law?   How deeply may the investigation probe in the affairs and conduct of the business subject to the regulations of the Labor Department?

The importance of this application, particularly at this hour of disturbed political, social and economic relations, is forcibly attested by the interest of public societies which as *amici curiæ* have been granted permission to intervene and in that capacity have presented helpful arguments.   In consequence especial attention has been given proponents' protestation against transgression of inalienable constitutional prerogative.

The question is brought to the court's attention because of opposition to subpœnas *duces tecum* whereby the moving parties were required to produce all books, correspondence, records and papers naming or affecting the employers involved in jobs offered in certain newspaper advertisements concerning available employment in defense industries.   It is contended that the subpœnas show that the inquiry is beyond the statutory power of the Commissioner, that the inquiry as a whole is an unwarranted fishing excursion instituted *mala fides* for ulterior purposes and, finally, that if the subpœnas are complied with petitioners may be compelled to incriminate themselves.

To decide the question herein proposed it is not necessary to quote the newspaper advertisements in full.   Suffice it to state that they clearly restricted the class of employment offered to a particular race and creed and could readily awaken indignation and objection not only on the part of those excluded but also by all who subscribe to the principles and purposes of the various organizations appearing herein as advisers to the court.

Examining the objections to the subpœnas it does not seem that they are well taken.   In the first place, the court emphatically repudiates the suggestion that *Matter of Corporate Employment Service, Inc.,* v. *Moss* (261 App. Div. 586) has a controlling influence in the guise of *stare decisis*.   That authority clearly does not hold that an employment agency can never be required to produce any

record before an investigating tribunal other than the two registers kept in obedience to section 179 of the General Business Law. Therefore, the contention that the settled law of the State indicates that the Commissioner by the all-inclusiveness of the subpœnas has transcended the powers vested in her, is not approved.

The objection that the employment offered does not come within the definition of " employee " found in subdivision 5 of section 2 of the Labor Law and that in consequence the Commissioner can only be animated by supererogatory curiosity has no appeal. Reading the Labor Law as a whole seemingly dissipates this argument.

As thought is given to present conditions, particularly as regards employer and employee and the necessity for extreme vigilance to prevent transgression, the investigation in which these subpœnas were issued does not show an abuse of statutory power. The provisions of the Labor Law and the duty of the Commissioner as representative of the State to co-operate with the national government's employment service (U. S. Code, tit. 29) undeniably demand in a commonwealth like New York, teeming with every race and creed, that the Industrial Commissioner peculiarly be concerned with the existence of racial or religious discrimination especially as regards public works, and most particularly with reference to defense industries in a war being waged to defend the American principle that all men are entitled to equal opportunity.

The charge that compliance with the subpœnas might require the petitioners to incriminate themselves and that, in consequence, an infringement of constitutional prerogative is threatened, cannot be sustained on this application because of prematurity. Invariably when needed the courts have declared that the privilege against self-incrimination cannot be asserted in advance of questions actually propounded on the examination or hearing. (*Matter of Levy*, 255 N. Y. 223.)

The subpœnas, therefore, are in the proper exercise of authority vested in the Commissioner and must be obeyed. Motion denied. Settle order.