Bubke, J. (dissenting).
We consider in this companion case whether Ryan could be found guilty of contempt in respect to the answers given by him to the Grand Jury.
It follows that, since Ryan was properly subpoenaed and sworn and having been fully informed of his rights before the Grand Jury, and having expressed his awareness and understanding of his privilege, his interrogation thereafter was entirely proper (see dissenting opinion, People v. Steuding and Ryan [6 N Y 2d 214], decided herewith).
The answers which Ryan gave to the questions put to him on the occasion of his appearance before the Grand Jury on October 23, 1958 follow the classic pattern of adjudicated contumacious and contemptuous conduct in that they were vague, evasive, improbable and obviously untruthful (see People v. Saperstein, 2 N Y 2d 210; Matter of Grand Jury [Reardon], 278 App. Div. 206; Matter of Finkel v. McCook, 247 App. Div. 57, affd. 271 N. Y. 636; Matter of Kamell, 170 Misc. 868, 871).
The language used in oft-cited Matter of Finkel v. McCook (supra) is particularly pertinent and decisive: “If the commitment is to be upheld, it is to be upheld only on the conclusion that the petitioner had refused to answer legal and proper interrogatories. The statute uses the word ‘ refusal. ’ This does not mean, however, that any answer no matter how improbable, inconsistent, evasive, contradictory or obviously untruthful will forestall the summary action of the court. An ‘ answer ’ considered in relation to other answers of the same witness may be so absurd, deceptive and prevaricated to such an extent that it amounts to a refusal to answer. Mere lip service is not contemplated by the statute. To hold otherwise would be emphasizing form at the expense of substance.” (p. 62).
Further, Ryan’s blanket refusal to testify, under the circumstances, was in itself a flagrant contempt of the court and the Grand Jury.
It is well settled that the privilege cannot be asserted without cause, and certainly not in advance of questions, actually propounded to the witness. (See, e.g., Matter of Levy, 255 N. Y. 223; King v. Liotti, 190 Misc. 652, 672; Matter of Weiner, 183 Misc. 267; Radin v. Kornreich, 17 Misc 2d 860; Matter of Wilman Agency [Miller], 178 Misc. 549, affd. 264 App. Div. 850.)
*978 Therefore, the order of the Appellate Division reversing the contempt conviction should be reversed and the order of the Supreme Court reinstated.
Order affirmed.