Henry Clay Greenberg, J.
Defendants move to vacate the ex parte order granting leave to the Attorney-General to bring this action for the annulment of the corporate defendant’s charter, and upon such vacatur, to dismiss the complaint against all the defendants by reason of the resultant lack of capacity to sue. The individual defendants move in addition to dismiss the complaint as against them for insufficiency pursuant to subdivision 4 of rule 106 of the Buies of Civil Practice. Plaintiff cross-moves for the appointment of a temporary receiver.
The General Corporation Law (§ 91) provides that upon leave being granted, the Attorney-General may bring an action against *44 a corporation created by or under the law of the State to vacate its charter upon enumerated grounds, the pertinent one here involved being “ the abuse of its powers The Attorney-General ‘1 must ’ ’ apply for leave to bring the action where he “has reason to believe that an action can be maintained in behalf of the people * * * and that the public interests require such action to be brought ” (General Corporation Law, § 134). Accordingly, the Attorney-General must determine in the first instance that it is his duty to bring the action, but the court is then required to exercise its discretion whether or not it will grant leave (People v. Buffalo Stone & Cement Co., 131 N. Y. 140, 143).
Leave was here granted by ex parte order signed by the Justice sitting in the Ex Parte Part on the basis of an affidavit made by the Assistant Attorney-General assigned to the Bureau of Consumer Frauds and Protection, sett Mg’ forth the facts gathered by an investigation conducted by h.w and taken from documents furnished by the corporation and from communications and answers to questionnaires received from the public.
The Attorney-General argues, preliminarily, that this court has no power to entertain a motion to vacate the order of another Judge of the court. Section 131 of the Civil Practice Act does, however, provide that while an order m ay be vacated without notice only by the Judge who made it (anal,, as provided in section 132, by the Appellate Division), it may be vacated upon notice by him or by the court. This motion Laving been made upon notice, it may be entertained by Special Term.
Actually, the present application involves the adde d problem that defendants are asking this court to review the e. xercise of discretion by the Justice sitting in the Ex Parte Part in granting leave to sue. But that problem poses no difficulty here in view of the determination, made after a consideration of the; Original papers and the papers submitted by both sides on this ix lotion, that the order granting leave to sue was not improvidently 3x Me.
The principal charges made against defendant corporal. 1(¡n, a disc jockey school, are that it engaged in misleading advertising and practices to induce enrollment on the false assurance1 that prospects of employment would be awaiting those gradutating from its school, and that it employed a so-called “voice; test ”, not for genuine testing purposes, but to deceive prospecrtive enrollees into believing they were qualified for jobs in' the radio field.
While the defendant has presented evidence indicating that it has corrected some of the conditions complained of and that, in some respects, several of the charges have not been snbstan *45 tiated, the results of the continuing investigation, even discounting many of the complaints emanating from disgruntled students, show that the action taken by the Attorney-General has a reasonable basis and is in the public interest. Since the mere bringing of such an action, even before determination of the issues, may well cause substantial injury to the business of a corporation, the responsibility laid upon the Attorney-General to invoke this drastic remedy only where the public interest truly requires it is a grave one. But it is important also that the Attorney-General should intervene when necessary to protect the public. The court must maintain a proper balance between the respective interests and see that no injustice is done by automatic grant of leave to sue without a showing of facts sufficient to make out a prima facie case. The court’s function at this stage of the proceedings is limited solely to a determination as to whether there is some factual support for the charges made and as to whether such charges, if proved, would be sufficient to warrant the relief requested. Since such a showing has here been made, the branch of the motion to vacate the ex parte order is denied.
The Attorney-General has sued not only the corporation but also two individuals, who are not directly mentioned in the body of the complaint, but are named in an affidavit, incorporated by reference in the complaint, and described as having an active part in the operation of the corporation. The prayer for relief includes an item that the officers and directors of the corporation be perpetually restrained from engaging in the fraudulent acts thereinbefore described. The individual defendants move to dismiss the complaint as against them for insufficiency.
The legal basis for the joinder of the individuals in this action against the corporation to vacate its charter is clear. It seems that reliance is placed on the provisions of subdivision 12 of section 63 of the Executive Law authorizing the Attorney-General to apply on notice of five days, for an order enjoining the continuance of business activity or of any fraudulent or illegal acts, and, in an appropriate case, canceling any certificate filed to do business under an-assumed name, “Whenever any person shall engage in repeated fraudulent or illegal acts or otherwise demonstrate persistent fraud or illegality in the carrying on, conducting or transaction of business ”. This provision is evidently intended as an expeditious measure to prevent the perpetration of continuing frauds by a person or firm carrying on a present business as owner thereof. It would appear to be invocable against the individual officers and directors of defendant corporation. The relief requested in *46 this action as against the corporation embraces the relief obtainable under the cited section to enjoin the continuance of business activity or of any fraudulent or illegal acts in the carrying on, conducting or transaction of its business. Nevertheless, the individual claimed wrongdoers should not be allowed to escape. The motion of the individual defendants is accordingly denied.
With regard to the Attorney-General’s cross motion for the appointment of a temporay receiver during the pendency of the action, it should be observed that a prior application for such relief was denied. The present application is based upon an affidavit which should properly have been submitted as a reply affidavit on the former motion. The cross motion may be treated as a renewal, if new facts are presented. The new material is, however, merely cumulative. In any event, the court agrees with the former holding that the requisite showing of a clear case of necessity for such drastic relief has not been made.
Settle order. .