Irwin Davidson, J.
In this special proceeding, the Attorney-General seeks to enjoin three - respondents, Boris B. Burden, Joseph Daly and Charles Dodge, from soliciting funds from the public allegedly on behalf of a St. Marks Church for alleged church and welfare purposes. The respondents, Daly and Dodge, have defaulted in appearing.' The respondent Burden answered the petition, denied its essential allegations, and sought its dismissal.'
The facts established at the hearing show that a St. Marks Church existed at 142 Broome Stréet in the Borough of Manhattan, City of New York. In 1956 the St. Marks Church edifice was destroyed by fire and thereafter some of the parishioners who formerly worshipped at the St. Marks Church affiliated themselves with Sts. Peter and Paul Church at 121 East Seventh Street, and others affiliated with the Orthodox Bussian Cathedral at 15 East 97th Street.
The respondent Burden moved the church office to the Broadway Central Hotel and eventually to 303 East Sixth Street where he claims to function as the St. Marks Church.
The Sixth Street address is a street floor store, the main area of which, when visited by a welfare department investigator, was piled high with cartons, some of which were empty, and others were filled with printed matter and miscellaneous material. A back room of this store contained three desks, each with a telephone. That room was cluttered with books, papers and other nondescript material. A third small room in the rear apparently was used as living quarters for the respondent Burden. The only records produced by the respondent Burden for inspection by the Attorney-General’s representative were an incomplete set of check stub books from which it was ascertained that during the year 1962 a total of approximately $55,000 had been deposited in the Manufacturer’s Hanover Trust Company where an account was maintained in the name of St. Marks Church, and a small pink card which contained figures allegedly taken from a ledger.
The check stub books showed that during 1962 checks totaling $17,320 had been drawn to the order of cash, and $3,798.02 in which no payee’s name appeared, and $1,495.39 for food, turkeys, candies, toys, etc. The total of the checks drawn for the year 1962 was $54,623.92. There was no indication as to where the moneys deposited in the account came from or whether said deposits were in the form of cash or checks. Furthermore, there is no indication or explanation for the large cash withdrawals or how such funds were spent.
The respondents, Daly and Dodge, were telephoning solicitors employed by the respondent Burden: to solicit funds from the *984 general public on behalf of the St. Marks Church and its welfare activities. The respondent Burden likewise admitted making telephone solicitations from the general public. From the moneys so obtained, respondents Daly and Dodge were paid salaries, and the respondent Burden as rector disbursed funds on his sole signature in accordance with his own need or desires.
Concededly at the 303 East Sixth Street address no church services were conducted, nor was it suitable for congregational worship. There existed no altar, no sanctuary, no accoutrements of worship, no religious insignia or furnishings usually present in a church. Mo congregation of persons comprising the membership of ,St. Marks Church exists. Mo meetings of any such persons were held there or at any other place. Mo board of trustees existed to control the real and personal property allegedly belonging to St. Marks Church, or to manage and direct the disbursement of the funds obtained in the name of St. Marks Church. The fragmentary records, kept by the respondent Burden contain incomplete entries respecting the disbursement of the funds collected, but there is no dispute that the respondent Burden alone disbursed the funds from the so-called church’s account.
The respondent Burden seeks to sustain his contention that the St. Marks Church exists urging that at the Sixth Street address, or at the home of interested persons, he performs marriages, baptisms, confirmations and hears confessions. He testified that he frequently offered communion, conducted mass and delivered sermons at tire Sts. Peter and Paul Church, or at the Orthodox Russian Cathedral, and at other places in the metropolitan area. However, the activity of one individual does not make a church.
Religious corporations are subject to the Religious Corporations Law. A church as a religious corporation consists of the trustees and all persons having a right to vote at corporate meetings (Walker Mem. Baptist Church v. Saunders, 285 N. Y. 462). The trustees have'jurisdiction over all the property and temporal affairs of the church. A religious society consists of a group of communicants or congregants, and its authority relates to spiritual matters (Metropolitan Baptist Church v. Braxton, 137 N. Y. S. 2d 294).
Measured by any standard, statutory, legal or ecclesiastical, this St. Marks Church is a phantom church. It has neither a board of trustees nor a congregation. It exists solely for the respondent Burden’s purpose of soliciting funds from the public and to create the impression that donations received go to a religious organization and its welfare activities.
*985 The request for charitable contributions for St. Marks Church made to an unsuspecting public has produced substantial funds, but .the charitable uses of such funds are feigned, illusory, or at the very best minimal. The cash withdrawals in 1962 were huge but the purposes for which this cash was used is not explained. The respondents may not be permitted to continue their activities which smack of gross misrepresentation and fraud.
The Attorney-General’s petition is granted and the respondents are restrained and enjoined from directly or indirectly soliciting funds for charitable, religious or eleemosynary purposes.
The Manufacturers Hanover Trust Company of 376 Grand Street, New York City, is restrained and enjoined from disbursing, transferring or paying out any funds of the St. Marks Church account until further order of this court.
Settle order, which shall include a provision that the funds remaining in the account of St. Marks Church at Manufacturers Hanover Trust Company shall be turned over to the Welfare Department of the City of New York.