Edward F. McLaughlin, J.
Petitioner moves pursuant to subdivision 12 of section 63 of the Executive Law for an order permanently enjoining the respondent from conducting and transacting its business in a persistent fraudulent and illegal manner and directing restitution to a consumer doing business with respondent. Respondent cross-moves for dismissal of the petition upon the ground that it fails to state a cause of action.
The action arises out of the sale of a purportedly genuine German garde de corps officer's helmet by respondent to one *624 Joseph Perlow, a United States army officer. The purchase price was $1,800 which Colonel Perlow has paid. Colonel Perlow claims that he has been defrauded in that the helmet is not genuine and annexes to the moving papers affidavits of "experts” in the field to support his claim. The Attorney-General brings this proceeding on behalf of Colonel Perlow, as a consumer, under subdivision 12 of section 63 of the Executive Law. It is not alleged anywhere in the moving papers that respondent has defrauded other consumers or Colonel Perlow on more than the one occasion involving the helmet. Respondent contends that the helmet is genuine, that even were it not, this one isolated instance does not give rise to action by the Attorney-General and that Colonel Perlow’s remedy is an action at law for damages.
Subdivision 12 of section 63 of the Executive Law provides in part: "Whenever any person shall engage in repeated fraudulent or illegal acts or otherwise demonstrate persistent fraud or illegality in the carrying on, conducting or transaction of business, the attorney-general may apply * * * for an order enjoining the continuance of such business activity”.
Pursuant to subdivision 12 of section 63 of the Executive Law, the Attorney-General may seek injunctive relief against statutory violations when such violations amount to persistent and repeated fraud or illegality in the carrying on of business. (Matter of Lefkowitz v E. F. G. Baby Prods. Co., 40 AD2d 364, 366, citing Matter of Lefkowitz v Burden, 22 AD2d 881; Matter of State of New York v ITM, Inc., 52 Misc 2d 39; cf. Matter of State of New York v Parker, 38 AD2d 542, affd 30 NY2d 964; Matter of State of New York v Parkchester Apts. Co., 61 Misc 2d 1020, affd 34 AD2d 1106, affd, 28 NY2d 842.)
The Attorney-General in his moving papers refers only to the one business transaction concerning the German helmet. There is, therefore, no sufficient showing of repeated fraudulent or illegal acts or demonstrated persistent fraud or illegality so as to warrant action pursuant to subdivision 12 of section 63 of the Executive Law.
The motion for injunctive relief of petitioner is denied and the cross motion of respondent for dismissal is granted.