■ In the Matter of ROBERT R. GWYDIR et al., Respondents. WILLIAM BIAMONTE, Appellant. — In a proceeding pursuant to CPLR 3102 (subd [c]) to obtain disclosure to aid in bringing an action, the appeal is from an order of the Supreme Court, Nassau County (Levitt, J.), dated July 6, 1982, which upon the petitioners' motion to, *inter alia,* adjudge appellant in contempt of a prior order of the same court and to compel him to appear and give testimony under the supervision of a Judge or referee, granted said motion to the extent of directing appellant to appear and answer questions regarding certain subjects and overruled his assertion of the Fifth Amendment privilege against self incrimination with respect to such subjects. The motion which resulted in the order under appeal, in effect, sought " 'rulings on an examination before trial' ", and is not appealable as of right (*Siegel v Arnao,* 61 AD2d 812). Leave to appeal is hereby granted by Justice Rubin. Order modified, by adding thereto a provision that disclosure shall be made under the supervision of a referee pursuant to CPLR 3104 (subd [a]). As so modified, order affirmed, with $50 costs and disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the appointment of a referee unless, within 10 days after service of a copy of the order to be made hereon with notice of entry, the parties stipulate that a named attorney serve as referee. Although a witness is generally to judge whether the answers solicited might constitute a link in the chain of evidence sufficient to subject him to the hazard of a criminal charge, he may not decline to answer "as a mere pretext to avoid giving non-incriminating answers" (*Matter of Levy,* 255 NY 223, 225; *People ex rel. Taylor v Forbes,* 143 NY 219). In the case at bar, there is no basis for the appellant's refusal to answer the questions propounded. Contrary to his assertions, it is clear beyond a reasonable doubt that the answers called for could not incriminate him of trespass (Penal Law, § 140.00 *et seq.*), harassment (Penal Law, § 240.25), aggravated harassment (Penal Law, § 240.30, subd 1), or of unlawful Grand

Jury disclosure (Penal Law, § 215.70) (*People ex rel. Taylor v Forbes, supra;* 65 NY Jur, Witnesses, § 43). While the questions previously propounded at the deposition of the appellant offer no basis for the assertion of his privilege against self incrimination, we recognize that the answers to certain as yet unasked questions might conceivably tend to incriminate him. Accordingly, the interests of justice and expediency require that the examination before trial be supervised pursuant to CPLR 3104 (subd [a]). Titone, J. P., Gulotta, Weinstein and Rubin, JJ., concur.