OPINION OF THE COURT
Leonard Scholnick, J.
Petitioners move for an order, pursuant to CPLR 2304, quashing subpoenae duces tecum served upon them by the Attorney-General of the State of New York. Petitioners further move for an order directing the Attorney-General to turn over information sought in accordance with a Freedom of Information Law (Public Officers Law, art 6) request made on October 29, 1982. The Attorney-General has cross-moved, pursuant to CPLR 2308 (subd [b]), for an order to compel compliance with the subpoenae. In this regard, the Attorney-General has stated in its motion papers that it has withdrawn without prejudice the subpoena served upon petitioner, Paul Wiener.
The Attorney-General has received a number of complaints against petitioners by tenants and tenant associations relating to overcharging of rents, demands for illegal “key money” paid in order to obtain vacant apartments in violation of section 180.55 of the Penal Law, and diminution of building services. Because of the alleged magnitude of the complaints, the Attorney-General has undertaken an investigation to determine whether there is a pattern of ongoing fraudulent or illegal activity in violation of the New York City Rent Stabilization Law and Code. In the event that a pattern of fraudulent or illegal conduct is found, the Attorney-General contends that it will move to enjoin such activity pursuant to subdivision 12 of section 63 of the Executive Law.
In conducting this investigation, the Attorney-General has issued and served subpoenae duces tecum upon petitioners, requesting the production of specified documents relating to their various real estate holdings. The material sought from each petitioner dates from July 1, 1974, as follows:
*972 (1) Business certificate filed for any entity under whose name the petitioner does or did business as owner or manager of residential property subject to the Rent Stabilization Law of 1969 (Administrative Code of City of New York, § YY51-1.0 et seq.) or Emergency Tenant Protection Act of 1974 (L 1974, ch 576, § 4) during period covered by subpoenae.
(2) Material necessary to disclose addresses of all residential apartment buildings covered by these laws.
(3) For each such address, records as will disclose number of units in building and number and identification of units covered by Rent Stabilization Law.
(4) Current rent roll and rental history for each such apartment where a vacancy or renewal lease was signed since July 1, 1974.
(5) Books and records to disclose name, address, phone number and employment records of all employees who are assigned to the duties of renting apartments and negotiating or fixing rents.
Petitioners challenge the validity of the subpoenae on several grounds: that the Attorney-General lacks a jurisdictional basis to issue the subpoenae; that service thereof was improper; and that the subpoenae are unduly broad in scope, unreasonable and oppressive. As to the first of these grounds, the court must resolve two questions: (1) whether the Attorney-General has statutory authority to conduct an investigation herein, and (2) if the Attorney-General has such authority, whether he also has the right to issue subpoenae duces tecum in connection therewith.
The Attorney-General claims, inter alia, that his authority to investigate is set forth in subdivision 12 of section 63 of the Executive Law. This section provides, in substance, that whenever any person shall engage in repeated fraudulent or illegal acts or otherwise demonstrate persistent fraud or illegality in carrying on or conducting a business, the Attorney-General may apply to the Supreme Court for an order enjoining the continuation of such business activity or of any fraudulent or illegal acts. This section further provides that “the attorney general is authorized to take proof and make a determination of the relevant facts”, thus *973 clearly indicating that the Attorney-General is authorized under said section to investigate alleged acts of a fraudulent or illegal nature (Matter of Prudential Adv. v Attorney-General of State of N. Y22 AD2d 737).
Petitioners, nevertheless, argue that the section is inapplicable, contending, in the first instance, that the New York City Rent Stabilization Law evidences a legislative scheme and intent that the Conciliation and Appeals Board established by this law be the exclusive body for the resolution of landlord-tenant disputes arising thereunder. This court does not agree. Petitioners have not cited any particular sections of the law or make any specific reference to its legislative history to warrant such a conclusion. Nor does the court, upon a reading of the law, find any indication that the Conciliation and Appeals Board is to have exclusive jurisdiction of the practices complained of herein (see State of New York v Spodex, NYLJ, March 16, 1982, p 6, col 2, affd 89 AD2d 835). Accordingly, this court concludes that the Attorney-General has jurisdiction under subdivision 12 of section 63 of the Executive Law, to investigate illegality or fraud herein involved.
Petitioners further contend that subdivision 12 of section 63 cannot be availed of because the Attorney-General has not demonstrated persistent and repeated fraud or illegality as provided for in the section. While persistent and repeated fraud or illegality is an essential predicate for the granting of an injunction under this section (Matter of Lefkowitz v Burden, 22 AD2d 881; Matter of Lefkowitz v E.F.G. Baby Prods. Co., 40 AD2d 364, 366; Matter of Lefkowitz v Mohawk Arms, 83 Misc 2d 623, 624), such a showing is not necessary at this investigatory stage for the issuance of subpoenae duces tecum (Matter of Lefkowitz v Peska Assoc., Supreme Ct, NY County, May 5,1976, index No. 40113/76). At this time, it is only required that the Attorney-General establish some relevancy and basis for its investigation (La Belle Creole Int. v Attorney-General of State of N.Y., 10 NY2d 192, 196; Matter of Lefkowitz v Peska Assoc., supra) which has been demonstrated in the papers before the court. Even if a showing of persistent and repeated fraud or illegality is a prerequisite to the issuance of a subpoena under subdivision 12 of section 63, the court, *974 nevertheless, finds that there are sufficient allegations of such practices to warrant an investigation pursuant to said section (see, e.g., State of New York v Princess Prestige Co., 42 NY2d 104,107). Consequently, subdivision 12 of section 63 of the Executive Law authorizes the Attorney-General to conduct the within investigation.
Having so concluded that the Attorney-General may proceed under subdivision 12 of section 63, the second paragraph of said subdivision specifically authorizes the Attorney-General “to issue subpoenas in accordance with the civil practice law and rules” (Prudential Adv. v Attorney-General of State of N. Y., supra; Matter of Gardner v Lefkowitz, 97 Misc 2d 806, 808-809). Thus, the Attorney-General has the statutory authority to issue the subpoenae in question herein.
The petitioners also challenge the manner in which the subpoenae were served. In response to the petitioners’ claims in this regard, the court finds (1) that the subpoenae were validly served pursuant to CPLR 2303 and 308 (subd 2), by leaving them with the receptionist at petitioners’ law office and by mailing copies thereof to the petitioners at their last known residences; (2) that the respondents had first made two attempts at personal service under CPLR 308 (subd 1) before resorting to substituted service under subdivision 2 of said section, but, that in any event, substituted service was proper to employ without first seeking to effectuate personal service (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C308:2, p 206); and (3) that the time frame of seven days between the date of service and the return date of the subpoenae was not insufficient in and of itself, particularly when viewed in light of the fact that the petitioners had prior knowledge that the Attorney-General was seeking the requested material.
The third ground relied upon by the petitioners in moving to quash the subpoenae is their complaint that the documents sought are too voluminous in breadth and scope, and to require their production would be unreasonable and burdensome. The court finds that the specific “records bear a reasonable relation to the subject matter under investigation and the public purpose to be served”, *975 are supported by a factual basis and are not overbroad in scope (Myerson v Lentini Bros. Moving & Stor. Co., 33 NY2d 250, 256,258; Matter of Hynes v Moskowitz, 44 NY2d 383, 393; Virag v Hynes, 54 NY2d 437, 442-444). The request for items dating back to July 1, 1974 is not unreasonable given the factual basis for the investigation as submitted herein by the Attorney-General. That the petitioner might find it inconvenient to comply with the subpoenae is not relevant to this court’s determination (Matter of Lefkowitz v Peska Assoc., supra).
In sum then, it is the opinion of the court that the Attorney-General has statutory authority to conduct the within investigation and to issue subpoenae duces tecum in conjunction therewith; that the subpoenae have been properly served, and that they are not unduly broad or burdensome. Accordingly, petitioners’ motion to quash the subpoenae is denied and the respondents’ cross motion to compel compliance therewith is granted in all respects.* Petitioners are directed to fully comply with the subpoenae within 30 calendar days from the date of entry of the order to be settled herein, with the specific date, time and location to be set forth in said order.
Lastly, petitioners have moved for an order directing the Attorney-General to turn over information pursuant to a request made under the Freedom of Information Law. In its opposing affidavit, which is uncontroverted by petitioners, the Attorney-General indicates in a letter sent to petitioners’ counsel that it has complied in part with petitioners’ request for disclosure and has denied other of their requests. If the petitioners are dissatisfied with the Attorney-General’s response in this regard, their proper course is to seek relief not by way of this motion, but rather, to pursue their administrative remedies provided in section *976 89 (subd 4, pars [a], [b]) of the Public Officers Law. Accordingly, petitioners’ motion is denied in all respects.

 Petitioner, Joel Wiener’s statement that he intended to assert his Fifth Amendment privilege against self incrimination, if the subpoenae duces tecum are upheld, does not constitute a relevant ground for the court to consider in determining these motions. It is premature to make the assertion at this time, as the petitioner must wait until after the motion to quash has been decided and he is required to produce the documents (Matter of Wilman Agency, 178 Misc 549, 551, affd 264 App Div 850). Even then, it is doubtful that the assertion of the privilege will be judiciously permitted in view of the United States Supreme Court holding in Fisher v United States (425 US 391), that the Fifth Amendment privilege may not be raised with respect to business records but applies only to testimonial communications (supra, pp 405-411; 5 Weinstrin-Korn-Miller, NY Civ Prac, par 4501.16).