■ STATE OF NEW YORK, by ROBERT ABRAMS, as Attorney-General, Appellant, v JACOB WINTER et al., Respondents.— Order and judgment (one paper) of the Supreme Court, New York County (Martin Evans, J.), entered May 17, 1985, which dismissed petitioner-appellant New York State's first through fifth causes of action and ordered a trial on the sixth cause of action, is unanimously reversed, on the law, and the motion to dismiss the first five causes of action is denied, the cross motion to order a trial of the sixth cause of action is denied, petitioner-appellant is granted judgment on the sixth cause of action, and the matter is remanded to Supreme Court for an assessment on that cause of action, without costs.

Respondent-respondent Jacob Winter is the owner and managing agent, through seven corporations of which he is president and principal shareholder and with three other related individuals, also respondents, of 10 rent-stabilized residential apartment buildings located in the Crown Heights section of Brooklyn, New York.

In March 1984, the Attorney-General commenced the under-

lying special proceeding for injunctive relief, restitution and damages, relating to respondents' rent practices for these buildings. The petition advanced six causes of action charging persistent illegal conduct pursuant to Executive Law § 63 (12). These causes of action are as follows: (1) rent overcharges in violation of Code of Rent Stabilization Association of New York City, Inc. (RSC) § 62 (A); (2) failure to provide rental histories in violation of RSC § 42 (A); (3) violation of requirements for timely offering of lease renewals according to RSC § 50; (4) overcharging on security deposits, requiring over one month's rent, in violation of RSC § 63; (5) illegal "renovation" fees required of tenants in violation of RSC § 62; and (6) no interest provided on rental security deposits in violation of General Obligations Law § 7-103.

The Attorney-General sought to enjoin respondents from engaging in the illegal conduct alleged in the petition, and to direct respondents (1) to charge the lawful rents and refund the excess rents previously paid; (2) to provide rental histories; (3) to provide renewal leases; (4) to refund security deposits, being advance rent payments exceeding one month's rent, and any fees collected; and (5) to comply with General Obligations Law § 7-103 regarding interest on rental security.

Respondents' answer stated a general denial of the allegations in the petition and raised the defense of, *inter alia,* the primary jurisdiction of the Conciliation and Appeals Board (succeeded by the Division of Housing and Community Renewal [DHCR]).

Special Term dismissed the first five causes of action on the basis that the DHCR had primary jurisdiction. The court also held that the sixth cause of action, based upon General Obligations Law article 7, was put in issue by the respondents' denial, and ordered a trial thereon.

We disagree with the decision at Special Term and so we reverse.

The Attorney-General is clearly authorized, under Executive Law § 63 (12), to commence a proceeding where repeated fraud or illegality regarding the rent laws is involved. *(State of New York v Solil Mgt. Corp.,* 128 Misc 2d 767, 772-773, *affd without opn* 114 AD2d 1057, *lv denied* 67 NY2d 606; *State of New York v Spodex,* NYLJ, Mar. 16, 1982, p 6, col 2 [Sup Ct, NY County] *affd* 89 AD2d 835; *Matter of Wiener v Abrams,* 119 Misc 2d 970, 973.) Appellant is so authorized because the violations alleged in the petition fall well within the ambit of "repeated fraudulent or illegal acts", pursuant to Executive Law § 63 (12).

In addition, the contention that the doctrine of primary jurisdiction precludes the Attorney-General from seeking the instant relief in the courts is inappropriate. If primary jurisdiction was applicable in this case, the court would be compelled to defer to the expertise of the DHCR for an adjudication. *(See, People v Port Distrib. Corp.,* 114 AD2d 259; *but see, Haddad Corp. v Redmond Studio,* 102 AD2d 730.)* But because it is regularly within the province of the court to determine whether violations of regulations have occurred, as is the case herein, the doctrine is inapplicable. *(See, People v Port Distrib. Corp.,* 114 AD2d, at p 266.)*

Finally, we find that Special Term should have granted the relief as requested in the petition on the sixth cause of action. A summary disposition thereof is warranted because the respondents have failed to raise, beyond mere conclusory denials, any triable issues of fact. *(See, Matter of State of New York v Daro Chartours,* 72 AD2d 872; *see also, Matter of Lefkowitz v McMillen,* 57 AD2d 979.)* Therefore, the first five causes of action are reinstated, and we find for petitioner on the sixth, General Obligations Law article 7, cause of action. Inasmuch as no dollar amount for moneys due was specified in the petition, this cause of action is remanded for an assessment thereof. Concur—Kupferman, J. P., Sandler, Carro, Lynch and Kassal, JJ.