■ ELIOT SPITZER, as Attorney General of the State of New York, Appellant, v RICK SCHUSSEL et al., Respondents. [850 NYS2d 431]—

Order, Supreme Court, New York County (Rosalyn Richter, J.), entered September 18, 2006, which denied plaintiff's motion to amend the complaint to assert two additional causes of action against defendant Schussel individually, unanimously affirmed, without costs.

Generally, leave to amend a pleading is freely granted in the absence of prejudice or surprise to the opposing party. Mere lateness is not a barrier to amendment. To establish prejudice, which must be significant (*see Edenwald Contr. Co. v City of New York*, 60 NY2d 957 [1983]), there must be some indication that the opposing party will have been hindered in the preparation of its case or prevented from taking some measure to support its position (*see Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18 [1981]). To conserve judicial resources, however, examination of the underlying merit of the proposed amendment is mandated. Where no cause of action has been stated to begin with, leave to amend will be denied (*see Nab-Tern Constructors v City of New York*, 123 AD2d 571 [1986]).

With regard to the proposed declaratory judgment, although

no prejudice has been shown by defendants—i.e. concerns about lack of discovery with respect to this claim could have been mitigated by the court (*see Masterwear Corp. v Bernard*, 3 AD3d 305, 307 [2004]), and mere lateness in seeking leave to amend is not a barrier to amendment—the proposed cause of action lacks merit, and leave to amend should thus have been denied on this ground. In any event, the declaratory judgment cause of action is duplicative of the cause of action for an accounting in the original complaint, and is thus unnecessary and inappropriate (*see Apple Records v Capitol Records*, 137 AD2d 50 [1988]). In addition, plaintiff premises his request to add the declaratory judgment claim on the potential for a breach of contract action asserted by defendant Schussel against the New Dance Group Studio. The hypothetical possibility that a lawsuit might be filed is not sufficiently immediate and real to constitute a justiciable controversy (*see Waterways Dev. Corp. v Lavalle*, 28 AD3d 539 [2006]).

With regard to plaintiff's proposed cause of action for violation of Executive Law § 63 (12), which is premised on defendant Schussel's alleged filing of false financial reports on behalf of the nonprofit New Dance Group Studio, the court improperly based its determination to deny leave to amend on the lateness in filing of the motion. This delay was due to the fact that plaintiff only received the information necessary to support such a claim during discovery; he cannot be faulted for waiting until critical depositions were completed. Assuming the motion was late, defendants once again failed to show actual prejudice, given that any concerns about the lack of discovery with respect to this claim could have been addressed by the motion court. However, the motion should have been denied because the claim lacks merit. Since the conduct at issue was for charitable purposes and defendant Schussel was not carrying on or conducting business, the section 63 (12) claim cannot be maintained as a matter of law (*see Matter of Lefkowitz v Burden*, 22 AD2d 881 [1964]). Concur—Tom, J.P., Saxe, Gonzalez, Buckley and Catterson, JJ.