■ 36 EAST 57TH STREET LLC, Respondent, v SIMON FALIC, Appellant. [985 NYS2d 489]—

Orders, Supreme Court, New York County (Anil C. Singh, J.), entered December 6, 2012, which denied defendant's motion for leave to amend his answer and granted plaintiff's motion for summary judgment on the issue of liability with respect to defendant's guaranty of a lease, unanimously affirmed, with costs.

Defendant's contention that this action is moot because plaintiff admitted that all rent arrears up to the filing of the complaint (on Aug. 8, 2011) have been paid is unavailing. Plaintiff admitted that all rent arrears through February 3, 2011—the date on which the tenant abandoned the premises— have been paid. Plaintiff applied a September 2012 payment to March and April 2012 (i.e., post-commencement) rent. However, the lease gives plaintiff the right to apply payment to the arrears. A November 1, 2012 invoice shows that pre-commencement items (above and beyond replenishing the security deposit) were still due.

The motion court did not improvidently exercise its discretion in denying defendant's motion to amend the answer to assert the defenses of failure of a condition precedent and surrender by operation of law since the proposed defenses lack merit (*see Spitzer v Schussel*, 48 AD3d 233, 233-234 [1st Dept 2008]). The guaranty that defendant signed is absolute and unconditional, "foreclos[ing] as a matter of law the defenses and counterclaims based on . . . failure to perform a condition precedent" (*Citibank v Plapinger*, 66 NY2d 90, 93 [1985]; *see also Gard Entertainment, Inc. v Country in N.Y., LLC*, 96 AD3d 683, 683-684 [1st Dept 2012]). Defendant's proposed defense of surrender by operation of law is foreclosed by sections 3a, 3b, and 3c of the guaranty.

We have considered defendant's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Renwick, Feinman, Gische and Kapnick, JJ.