■ JOSEPH P. CARROLL LTD., Appellant, v THEODORE PING-SHEN, Respondent. [32 NYS3d 499]—

Appeal from order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about October 19, 2015, deemed appeal from judgment, same court and Justice, entered February 26, 2006, dismissing the complaint (CPLR 5501 [c]), and so considered, said judgment unanimously affirmed, with costs.

In February 2006, plaintiff, a buyer and seller of art, and nonparty Salander O'Reilly Galleries, LLC (SOG) entered into an agreement pursuant to which plaintiff loaned SOG a 1931 oil-on-board painting by the early twentieth century American artist, Marsden Hartley, titled Cynical Blue, Jovial Brown, Dogtown (the Painting). Unbeknownst to plaintiff, while the Painting was on loan, SOG sold it to defendant. In March 2006, plaintiff and SOG entered into a consignment agreement for the Painting, and in April 2006, plaintiff and SOG entered into an agreement pursuant to which plaintiff sold the Painting to SOG in an exchange of artwork and cash. Plaintiff then entered into a series of transactions with SOG, culminating in a May 2006 agreement pursuant to which plaintiff transferred $1,465,000, to SOG, "plus full title, free and clear," to four enumerated artworks, including the Painting, in exchange for $300,000 and 40 enumerated artworks from SOG.

The conversion and replevin claims were correctly dismissed since, as the motion court found, plaintiff's own pleadings concede that plaintiff sold the Painting in 2006 and has no current possessory interest in it (see Pappas v Tzolis, 20 NY3d 228, 234 [2012]; Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 49-50 [2006]; Pivar v Graduate School of Figurative Art of N.Y. Academy of Art, 290 AD2d 212 [1st Dept 2002]). In addition to the evidence of the sale in the April 2006 and May 2006 agreements, a letter dated August 3, 2011 from plaintiff's counsel to defendant in connection with SOG's then pending bankruptcy proceeding states that "on or about April 14, 2006, [plaintiff] sold [the Painting] . . . to [SOG]."

Plaintiff's failure to plead any prior relationship with defendant, let alone one that would cause inducement or reliance, precludes its unjust enrichment claim (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011]).

The declaratory judgment claim is duplicative of the other claims and is thus "unnecessary and inappropriate" (*Spitzer v Schussel*, 48 AD3d 233, 234 [1st Dept 2008]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Saxe, Gische and Kahn, JJ.