Fischer v Centene Corp. (2022 NY Slip Op 02755)

Fischer v Centene Corp.

2022 NY Slip Op 02755

Decided on April 26, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 26, 2022

Before: Renwick, J.P., Kapnick, Gesmer, Moulton, Shulman, JJ. 

Index No. 657596/19 Appeal No. 15801 Case No. 2021-02336 

[*1]James Fischer, Plaintiff-Appellant,
v
Centene Corp., et al., Defendants-Respondents.

James Fischer, appellant pro se.
Nixon Peabody LLP, Jericho (Christopher J. Porzio of counsel), for respondents.

Order, Supreme Court, New York County (Melissa Anne Crane, J.), entered on or about February 12, 2021, which granted defendants' motion to dismiss the complaint and denied plaintiff's cross motion for leave to amend the complaint, unanimously affirmed, without costs.
Supreme Court correctly dismissed the complaint because plaintiff failed to allege cognizable damages, which is a required element of all the causes of action alleged in the complaint (see e.g. Stutman v Chemical Bank, 95 NY2d 24, 29 [2000]; Kenford Co. v County of Erie, 67 NY2d 257, 261 [1986]; NRT Metals, Inc. v Laribee Wire, Inc., 102 AD2d 705, 706 [1st Dept 1984], lv dismissed 63 NY2d 770 [1984]). Plaintiff's alleged damages, which purportedly arose from defendants' cancellation of his health insurance policy when he inadvertently underpaid a premium, were wholly conjectural and speculative, given the undisputed evidence that the issue was resolved promptly and that plaintiff made no claims under the policy during the brief period that coverage was not in place.
Supreme Court also providently denied plaintiff's motion for leave to amend, since the proposed amended complaint still failed to allege damages, and thus did not cure the fundamental defect in the original complaint (see Murray v New York, 43 NY2d 400, 404-405 [1977]; Spitzer v Schussel, 48 AD3d 233, 233 [1st Dept 2008]). Furthermore, the new causes of action that plaintiff sought to add were all palpably insufficient and clearly devoid of merit (see MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499, 500 [1st Dept 2010]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 26, 2022