Board of Mgrs. of the Porter House Condominium v Delshah 60 Ninth LLC (2022 NY Slip Op 03680)

Board of Mgrs. of the Porter House Condominium v Delshah 60 Ninth LLC

2022 NY Slip Op 03680

Decided on June 07, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 07, 2022

Before: Renwick, J.P., Oing, Moulton, Kennedy, Mendez, JJ. 

Index No. 157034/18, 595236/20 Appeal No. 16088 Case No. 2022-00690 

[*1]Board of Managers of the Porter House Condominium, Plaintiff-Respondent,
v
Delshah 60 Ninth LLC, Defendant-Appellant. [And a Third-Party Action.] 

Woods Oviatt Gilman LLP, Buffalo (William F. Savino of counsel), for appellant.
Schwartz Sladkus Reich Greenberg Atlas, LLP, New York (Allyson P. Stavis of counsel), for respondent.

Order, Supreme Court, New York County (Arlene Bluth, J.), entered February 10, 2022, which denied defendant Delshah 60 Ninth LLC's motion to amend its answer to add additional affirmative defenses, unanimously reversed, on the law, without costs, and the motion granted.
The court should have granted defendant's motion to amend its answer to add the four affirmative defenses of RPAPL 1951, adverse possession, mutual breach, and unclean hands, as leave to amend is freely given and plaintiff did not show that it would be prejudiced by the delay in asserting the defenses (CPLR 3025[b]; Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959 [1983]; Fahey v County of Ontario, 44 NY2d 934 [1978]). While over two years had passed since defendant served its original answer, discovery was still ongoing (see Seda v New York City Hous. Auth., 181 AD2d 469 [1st Dept 1992], lv denied 80 NY2d 759 [1992]). Plaintiff's claim of significant prejudice is unpersuasive, as all it points to is mere delay, which is insufficient to show prejudice (see Spitzer v Schussel, 48 AD3d 233, 234 [1st Dept 2008]). Nor did plaintiff rebut defendant's showing that the proffered amendment is not palpably insufficient or clearly devoid of merit (see MBIA Ins. Corp. v Greystone & Co., Inc., 74 AD3d 499 [1st Dept 2010]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 7, 2022